251 So.2d 287 (1971)
STATE of Florida, Appellant,
v.
Robert Stanley CUSTER, Appellee.
No. 70-831.
District Court of Appeal of Florida, Second District.
July 9, 1971.
Rehearing Denied September 3, 1971.
*288 Robert L. Shevin, Atty. Gen., Tallahassee, Frank Schaub, State's Atty., and Richard W. Seymour, Asst. State's Atty., Bradenton, for appellant.
Charles McQuillan and Jerome Pratt, Palmetto, for appellee.
McNULTY, Judge.
The state appeals pursuant to F.S. § 924.071, 1969, F.S.A., from an interlocutory order suppressing certain evidence obtained as a result of a search and seizure. We reverse.
It undisputedly appears that on July 14, 1970 the Manatee County sheriff's office received a report of a purse snatching. The general description of the suspects and a specific description of an unusually decorated car were given. Subsequently, on the same day, a deputy sheriff stopped a vehicle which matched the description of the aforesaid car and asked the occupants to accompany him to the sheriff's office for questioning. The defendant herein, Custer, was the driver of the car and both he and his sole passenger agreed to go to the sheriff's office. Though not under arrest, upon arrival at the sheriff's office both of the occupants were given "Miranda" advice, and thereafter they denied stealing the purse. During the course of the aforesaid interrogation a deputy sheriff asked permission to search the car for the missing purse. Custer granted permission to search the car and handed the deputy the keys. No limitations were made on the areas to be searched, and marijuana was found upon the consequent search.
It is well settled, of course, that a consent to search an automobile and voluntarily turning over the keys for that purpose is a waiver of any right to complain thereafter about the legality of the search or to protest that the evidence found as a result of the search may be inculpatory in a subsequent criminal prosecution.[1] Custer argues first, however, that the consent was not voluntarily given since he was not fully advised, by the Miranda advice given, as to his rights under the Fourth Amendment relating to searches and seizures; and secondly, that in any event he only gave consent to search for the purse and not for marijuana actually found. Both contentions are patently untenable.
As to the first, the mandate of Miranda[2] is inapplicable under the circumstances of this case. Advising one of his right of refusal to consent to a search is not required to validate that consent or to prima facie establish the voluntariness thereof.[3]
Concerning, now, the contention that consent was given to search only for the purse, we hold that a voluntary consent to search a given area cannot limit the fruits of a search thereof. Once consent was given to search the entire automobile *289 any contraband found therein was subject to seizure.[4]
We conclude, therefore, that the search herein was purely and simply a classic "consent search," and it was error to suppress the fruits thereof. Accordingly, the order appealed from should be, and the same is hereby, reversed.
HOBSON, Acting C.J., and MANN, J., concur.
NOTES
[1] See, Longo v. State (1946), 157 Fla. 668, 26 So.2d 818.
[2] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
[3] See, James v. State (Fla.App. 1969), 223 So.2d 52. See, also, United States v. Goosbey (USCA 6th Cir.1970), 419 F.2d 818.
[4] See, Bretti v. State (Fla.App. 1966), 192 So.2d 6.