**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Terry SAVAGE a/k/a Timothy Robins, Defendant-Appellant.**

**No. 71–3044**
**Summary Calendar.[1]**

United States Court of Appeals, Fifth Circuit.

April 17, 1972.

---

1. ■ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Jesse J. McCrary, Jr., Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

■ The defendant executed a consent form giving permission for search of his residence without a warrant. The form included an acknowledgement by the signatory that he had been informed of his right not to have the premises searched without a warrant, that he was aware of such right to refuse to consent, and that he gave his permission voluntarily and without threats or promises. The consent was not rendered involuntary by reason of the fact that before signing the form the defendant asked the police officer if the officer could get a search warrant and the officer replied "Yes, we probably can." The officer's statement was in response to defendant's inquiry, and it was not a misrepresentation of the facts. United States v. Curiale, 414 F.2d 744 (2d Cir.), cert. denied, 396 U.S. 959, 90 S.Ct. 433, 24 L.Ed.2d 424 (1969).

■ Nor are we persuaded that the defendant's will was overborne by the presence of a number of FBI agents and police officers at his residence when the defendant executed the consent form. Though some of those present did possess firearms, there is no indication in the record that the weapons were handled in a threatening manner. The district court concluded that, considering all the circumstances surrounding Savage's consent, including the number of law enforcement personnel, the consent was valid. This finding was not "plainly erroneous, which is our scope of review of facts found at a motion to suppress hearing." United States v. Resnick, 455 F.2d 1127 [5th Cir., 1972].

Affirmed.