267 So.2d 102 (1972)
STATE of Florida, Appellant,
v.
Stephen SPANIERMAN, Appellee.
No. 71-399.
District Court of Appeal of Florida, Second District.
September 13, 1972.
Rehearing Denied October 25, 1972.
*103 Robert L. Shevin, Atty. Gen., Tallahassee, Frank Schaub, State Atty., and Richard W. Seymour, Asst. State Atty., Bradenton, for appellant.
James M. McEwen, Tampa, and Robert P. Rosin, Sarasota, for appellee.
McNULTY, Judge.
The state appeals, pursuant to § 924.071, F.S. 1969, F.S.A., from an interlocutory order suppressing certain evidence. We reverse.
There is conflicting evidence herein as to whether a deputy sheriff had "probable cause to stop" a Volkswagen van, in which appellee Spanierman was a passenger, for a traffic violation. Anyhow, the van was indeed stopped and, concerning events thereafter, there is further conflict as to whether the deputy requested permission from appellee to search the vehicle. The deputy testified that he did make such a request to which appellee responded, "Go ahead and look around." Appellant denied this, but a search was in fact made and two large plastic bags were found containing marijuana. The instant criminal proceedings ensued in which appellee is charged with unlawful possession of marijuana.
In suppressing the marijuana as evidence the trial court found:
"... that there was an unlawful and unreasonable search and seizure of Defendant's automobile in violation of Defendant's Constitutional rights in that the arresting officers had no probable cause to stop the vehicle for any alleged traffic violation, that any search and seizure was not incident to a lawful arrest, that any ... consent of Defendant to a search of the vehicle or of his person was not freely and voluntarily given because of the lack of advice of the Defendant's Constitutional rights. . .." (Italics supplied)
Obviously the court resolved the conflict on "probable cause" against the existence thereof, which was within his province as trier of fact. We interpret his findings in this regard, however, as relating solely to "probable cause" to believe a traffic offense was then and there being committed as distinguished from a "well founded suspicion" thereof, which might otherwise authorize the officer to temporarily stop the van for purposes of making reasonable inquiry and/or investigation.[1] For example, erratic driving may be insufficient of itself to constitute a traffic violation, and thus would not support "probable cause," but it may well support a well founded suspicion that the driver was operating the vehicle under the influence of alcohol or a drug which suspicion can be confirmed only upon further inquiry or investigation. A temporary stopping for this purpose, and under such circumstances, is permissible.[2]
In any case, even if it be assumed that the officer had no right to stop the van under any theory, a valid search and subsequent seizure may nevertheless be predicated upon a free and voluntary consent; provided, however, that such consent was not obtained by the exploitation of any prior unlawful actions of the officer.[3] A finding of a voluntary consent, therefore, might well have obviated any question of *104 an illegal stopping or arrest.[4] But the trial court, as has been seen, did not make an express finding that a consent was in fact given at all. It merely held in essence that if any consent was given it was not given freely and voluntarily. In making such finding the record clearly reveals that the court bottomed its ruling on the failure of the police officer to advise the defendant of his Fourth Amendment constitutional rights. He was wrong. In State v. Custer[5] we recently affirmed that advising one of his right of refusal to consent to a search is not required either to validate a consent or to prima facie establish the voluntariness thereof.
Accordingly, the order appealed from is reversed. But upon remand, the trial judge will have to first make a determination of whether consent was indeed given. If so, he must decide if, clearly and convincingly, it was shown by the state to have been voluntarily given.[6] In doing so, and if he decides in the process that the officers had no right to stop the van on any theory, he should keep in mind the caveat of Wong Sun v. United States[7] that all evidence is not "... `fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is `whether, granting establishment of the primary illegality, the [consent] to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" All surrounding circumstances must therefore be considered in deciding the question of voluntariness; but the court is expressly precluded hereby from finding that a consent, if given, was involuntary merely because the officer did not advise the defendant of his Fourth Amendment rights.
Reversed.
LILES, A.C.J., concurs.
MANN, J., dissents with opinion.
MANN, Judge (dissenting).
Fortunately, appellate judges are not held to the standards of verbal precision to which my brother McNulty holds the trial judge in this case. The order appealed from is ambiguous, finding that Spanierman's "consent" to the search was not "freely and voluntarily given because of the lack of advice of the Defendant's Constitutional rights." This might be taken, as Judge McNulty takes it, to require a Miranda-like warning by the investigating officer. I agree that such is not required. But it might also mean, postulating the unlawful stopping of the vehicle which the trial judge found here, that Spanierman did not know of his rights when he "consented" to the search. In such a case Sagonias v. State, Fla. 1956, 89 So.2d 252, and Talavera v. State, Fla.App.2d 1966, 186 So.2d 811, would require a showing to counteract the presumed intimidation created by the officer's presence, and there is no such showing in the record.
On this record there was conflicting evidence, one police officer telling how the defendant's vehicle was swerving and weaving, the other man in the police vehicle asserting that he saw no cause for stopping Spanierman. Thus the trial judge's determination that the vehicle was not properly stopped ought not be overturned by this court. The testimony believed by the trier of fact would not support stopping Spanierman on any theory. There is no evidence in the record which would warrant a finding of consent following an improper detention, and we have caused a futile multiplication of judicial effort. I would affirm without opinion.
NOTES
[1] On this latter point, see, e.g., Wilson v. Porter (9 Cir.1966), 361 F.2d 412; United States v. Williams (6 Cir.1963), 314 F.2d 795; and State v. Gustafson (Fla. 1972), 258 So.2d 1, and cases cited therein. Also, cf., Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
[2] See, State v. Gustafson, id.
[3] See, Wong Sun v. United States (1963), 371 U.S. 471, at p. 488, 83 S.Ct. 407, 9 L.Ed.2d 441. See, also, Davis v. California (9th Cir.1965), 341 F.2d 982.
[4] See, Longo v. State (Fla. 1946), 26 So.2d 818, and State v. Custer (Fla.App. 1971), 251 So.2d 287.
[5] State v. Custer, id.
[6] See, e.g., Sagonias v. State (Fla. 1956), 89 So.2d 252 and Talavera v. State (Fla. App. 1966), 186 So.2d 811.
[7] See, n. 3, supra.