295 So.2d 715 (1974)
STATE of Florida, Appellant,
v.
Edward McClamrock and Audrey Faye McClamrock, Appellees.
No. 74-123.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Max P. Engel, Louis Stoskopf, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an interlocutory appeal by the state from an order entered by the trial court granting defendant-appellees' motion to suppress physical evidence. We affirm.
*716 The defendants, husband and wife, were indicted for first degree murder in connection with a fatal shooting on July 14, 1973. The trial judge made the following findings of fact in his order granting the motion to suppress:
"1. That the defendants were taken into custody on July 14, 1973 at approximately 1:00 P.M. in connection with the death of one Gordon Stevens;
"2. That shortly after 3:00 p.m. on that same date the defendant, Audrey McClamrock was interviewed by Det. Jerry Strickland in connection with this case;
"3. That prior to this interview Det. Strickland properly warned the defendant of her Constitutional Rights to remain silent and to counsel;
"4. That the defendant Audrey McClamrock voluntarily waived the rights read to her by Det. Strickland and gave a statement to Det. Strickland;
"5. That later on in the afternoon or early evening of July 14, 1973, the defendant Audrey McClamrock refused to give any further statements and requested an attorney;
"6. That at or about the same time defendant Edward McClamrock also refused to waive his right to counsel and requested an attorney;
"7. That at approximately 10:30 on that same date each of the defendants were requested to execute a consent to search their residence;
"8. That at this time each of the defendants, after having had the consent form (marked State's exhibits A and B) read to them and explained, did execute same;
"9. That the defendants had not withdrawn their previous request for counsel."
At the hearing on the motion to suppress, defendant Edward McClamrock testified that at 10:30 P.M., police officers of the Dade Public Safety Department showed him the consent to search form and told him his wife had already executed the same, and that if and when he signed it, his wife would be released. He signed.
Then, Mrs. McClamrock testified that she was shown the form already signed by her husband and told that she would be released if she signed an identical consent paper. She also signed, and shortly thereafter she was released and not formally arrested until a later date.
The police officers who testified at the hearing flatly denied that the defendants' consent was obtained in this manner. However, the record is clear that at 5:30 P.M., five hours earlier, the appellees requested an attorney and no attorney was summoned. And, apparently the police, although they were in contact with Mr. Terry McWilliams, an assistant state attorney, in connection with this case, made no effort to obtain a warrant to search the defendants' apartment.
The state contends, however, as a basis for reversal of the order appealed that the right to counsel is not an essential element of a consent search and that the failure to have counsel present at the time of the giving of consent does not constitutionally prohibit the admissibility of the evidence uncovered by the consent search.
The state relies on three cases: Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Custer, Fla.App. 1971, 251 So.2d 287; State v. Spanierman, Fla.App. 1972, 267 So.2d 102; see also, State v. Brehm, Fla.App. 1973, 273 So.2d 128.
In each one of these cases, an automobile was stopped by the police, and prior to any arrest, consent was obtained by the officers to search the car. It was held in each case that under the circumstances of the case, the requirements of the United States Supreme Court's holding in Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not dictated.
*717 As the Second District Court of Appeal stated in State v. Custer, supra:
"Advising one of his right of refusal to consent to a search is not required to validate that consent or to prima facie establish the voluntariness thereof."
The court in that case further concluded "that the search herein was purely and simply a classic `consent search,' and it was error to suppress the fruits thereof."
The facts and circumstances in the instant case are anything but a "classic consent search." In this case, Mr. McClamrock was actually under arrest when he consented. Mrs. McClamrock, the record shows, was not actually placed formally under arrest until a later date.
However, she and her husband had been held at the police station for nine and one-half hours when they signed the consent form. Furthermore, the record shows that the McClamrocks at the hearing before the trial judge accused the police of acts of brutality used against them. And, the officers who testified admitted that counsel was not provided the appellees after they requested the assistance of counsel.
This case does not present a situation where the police simply did not advise the defendants of the Miranda warnings, which is not mandated under the Fourth Amendment protection against unreasonable search and seizures. See Schneckloth v. Bustamonte, supra.
In the case sub judice, the defendants actually requested an attorney, and the state failed to give them one. Of course, when Mrs. McClamrock waived her constitutional right against self-incrimination and the assistance of counsel, and she made a statement to the police after the Miranda warnings were read, she did not thereby forever waive her rights.
In Miranda, the U.S. Supreme Court stated:
"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease... . Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked. If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning... ." (384 U.S. pp. 473-474, 86 S.Ct. p. 1627).
The state is correct in pointing out that the Miranda procedures are designed to curtail potential violations primarily of an individual's Fifth Amendment privilege, and not his Fourth Amendment right. However, it does not follow that simply because the Fourth Amendment privilege is involved in a particular case, that the holding of the court in Miranda should be totally ignored.
The question of whether or not a consent to search is voluntary remains crucial. In Schneckloth v. Bustamonte, the U.S. Supreme Court reasserted this fact as well as the fact that the state bears the burden of proving voluntariness.[1] The court stated:
"Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent...." (412 U.S. p. 248, 93 S.Ct. p. 2059, 36 L.Ed.2d p. 875).
*718 The question in the instant case, therefore, resolves itself down to this: where the defendants have requested an attorney and have been denied the right to counsel and to confer with an attorney, can a consent to search the defendants' residence be deemed to have been freely and voluntarily given? We think not.
Theoretically, when the defendants asked to see a lawyer, all police interrogation should have ceased at that point in accordance with Miranda. It, therefore, defies both logic and common sense that absent a lawyer and absent further police questioning, the defendants some five hours after requesting an attorney would have voluntarily relinquished their right to have their apartment remain free from a police search without a warrant.
Therefore, for the reasons stated, and upon the authorities cited and discussed, the order suppressing the evidence obtained as a result of the search of the defendants' residence is affirmed.
Affirmed.
NOTES
[1] See, e.g., Bumper v. North Carolina (1968), 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797; United States v. Jones, 475 F.2d 723, 728 (5th Cir.1973); State v. Spanierman, supra; Talavera v. State, Fla.App. 1966, 186 So.2d 811.