298 So.2d 509 (1974)
Martin E. MACK, Appellant,
v.
STATE of Florida, Appellee.
No. 73-665.
District Court of Appeal of Florida, Second District.
July 24, 1974.
Rehearing Denied September 4, 1974.
*510 R.B. Crawford, Jr., Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Baya Harrison, III, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant Mack appeals an order placing him on probation for five years, after having been found guilty in a non-jury trial of possession of more than five grams of marijuana. His sole point on review is based on the admission of evidence which appellant contends was seized without a search warrant or lawful arrest and without his voluntary consent.
Sometime after 3:30 in the afternoon a Methodist minister reported to the Chief of Police of a small city in Hardee County that he had overheard a telephone conversation between his son and a man named Marty. He said that his son was meeting Marty at the Shop and Go and that he thought his son was getting drugs from this man. Chief Crawley stopped Mack's Chevrolet van, which was backing out of the parking lot, and asked to see his driver's license. Sheriff Murdock, who had received a telephone call from the minister to come to the Shop and Go, arrived a few minutes later. After identifying himself he told Mack he had reason to believe there were some unlawful drugs in his vehicle and that he would like to have permission to search it. He informed Mack that he did not have a search warrant at the time but could obtain one. Mack testified at the hearing on his motion to suppress the evidence that after the Sheriff had told him he was going to put his van under surveillance while he obtained the search warrant, he (Mack) said: "Go ahead and search. I have nothing to hide."
In Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) the Supreme Court of the United States reaffirmed the principle that the search of property, without warrant and without probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment. See United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).
*511 The question whether a consent to a search was in fact voluntary or was the product of duress or coercion, expressed or implied, is a question of fact to be determined from the totality of all the circumstances. Schneckloth, supra. In determining whether a defendant's will was overborne in a particular case, some of the factors taken into account have included the youth of the accused, his lack of education, or his low intelligence. Schneckloth, supra.
In the case sub judice appellant, who was 24 years old, had completed three years of college and had been arrested before, was told that the Sheriff did not have a search warrant at the time, but that the procedure of obtaining a search warrant was an alternative to his consent. Therefore, the fact that the official conducting the search did not possess a search warrant was not misrepresented to appellant. United States v. Curiale, 2d Cir.1969, 414 F.2d 744; United States v. Savage, 5th Cir.1972, 459 F.2d 60; Cf. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); and Dunnavant v. State, Fla. 1950, 46 So.2d 871.
Nor do we think that appellant's will was overborne by the number of officers, since there were only two present; Curiale, supra; United States v. Jones, 5th Cir., 1973, 475 F.2d 723; Cf. Catalanotte v. United States, 6th Cir.1953, 208 F.2d 264.
The facts in this case are distinguishable from those in Pekar v. United States, 5th Cir.1963, 315 F.2d 319; Talavera v. State, Fla.App.2d 1966, 186 So.2d 811; and Earman v. State, Fla. 1972, 265 So.2d 695. In the case sub judice there was no indication that superior authority had any place in the obtaining of the consent; or that the officers threatened appellant or used their weapons in a threatening manner, United States v. Savage, supra; Earman v. State, supra, or made any promises or other inducements of any kind, Cockerham v. Wainwright, 5th Cir.1971, 444 F.2d 438. See Schneckloth, supra; Annotation 9 A.L.R.3rd 858.
By considering all the surrounding circumstances and taking into account that the appellant in the instant case was an adult of intelligence and experience, we conclude that the trial judge could properly determine that appellant's will was not overborne by an "aura of officialdom."
The Supreme Court of the United States made it clear in Schneckloth, supra, that while the subject's knowledge of his right to refuse consent is a factor to be taken into account, it is not essential for the prosecution to show such knowledge as a prerequisite to establishing a voluntary consent. This court has also recently held that advising the subject of a search of his right of refusal is not required. State v. Custer, Fla.App.2d 1971, 251 So.2d 287; State v. Spanierman, Fla.App.2d 1972, 267 So.2d 102, cert. den. Fla., 273 So.2d 764; State v. Brehm, Fla.App.2d 1973, 273 So.2d 128; State v. Hysell, Fla.App.2d 1973, 281 So.2d 417.
We conclude that appellant's consent to search was voluntarily given and that the trial court did not commit error in admitting the evidence seized as a result of the search.
The order appealed is, therefore,
Affirmed.
BOARDMAN, J., concurs.
MANN, C.J., dissents with opinion.
MANN, Chief Judge (dissenting):
On the authority of the cases cited by Judge Hobson, I respectfully dissent.