335 So.2d 880 (1976)
John Henry MOBLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 75-721.
District Court of Appeal of Florida, Fourth District.
July 23, 1976.
Rehearing Denied August 27, 1976.
*881 Richard L. Jorandby, Public Defender, and J. Roy Bean III, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
JOHN GALE, Associate Judge.
Defendant seeks review of his conviction for robbery and possession of a short-barrelled shotgun and the 20 year imprisonment and consecutive 10 year probation sentence imposed.
Defendant was suspected of having participated in an armed (shotgun) robbery of a grocery store. Pursuant to Officer Kramer's request, defendant and his stepmother voluntarily went to police headquarters for questioning the day after the robbery. Defendant was eighteen years of age, and Officer Kramer excluded the stepmother from the room in which the defendant was being questioned. Defendant denied participation in the robbery and denied Officer Kramer's request for permission to search his apartment. Thereupon, defendant was given his Miranda rights, and another request for permission to search the apartment was made. When defendant again refused, Officer Kramer stated that he had probable cause for his arrest, and that he would "go ahead and place him under arrest and proceed the following day to get a search warrant to search his room." Defendant then said, "Let's go ahead and go," whereupon a search of the apartment was made which revealed the presence of a sawed-off shotgun in a suitcase under defendant's bed. Unbeknownst to defendant, a search warrant had already been applied for and denied for failure to adequately identify the premises to be searched.
Defendant plead nolo contendere to the charges against him reserving for appellate review the propriety of the denial of his motion to suppress.
The main issue thus presented is whether a warrantless search can be justified as lawful upon the basis of consent when that "consent" has been given only after the official conducting the search has asserted that he would get a search warrant the next day anyway.
The exceptions to the requirement of the Fourth and Fourteenth Amendments, that a search be conducted only under the color of a proper warrant issued *882 upon probable cause, have been well established and delineated. The Supreme Court of the United States has held that unless it falls within one of these recognized exceptions, a "search conducted without a warrant issued upon probable cause is `per se unreasonable.'" Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). One of the established exceptions is a search which is conducted pursuant to consent. The Supreme Court of Florida has held that where a defendant has been properly advised of his constitutional rights and has consented to the search, the search may not be unreasonable when "... considering all of the circumstances." Grimes v. State, 244 So.2d 130, 133 (Fla. 1971). However, the issue which presents itself is whether the consent has been freely and voluntarily given. In this regard it is important to note that the Supreme Court of Florida has recently held, in Bailey v. State, 319 So.2d 22 (Fla. 1975), that in order to support a finding of consent, evidence of such consent to search without a warrant must be clear and convincing. In the case sub judice, the state has failed to come forth with such clear and convincing proof.
It has been repeatedly held in Florida that:
"... [I]t is encumbent upon the state to establish clearly a waiver of search and seizure rights and: `A distinction is recognized ... between submission to apparent authority of an officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for an occupant to waive his rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search, being cognizant of his rights in the premises ...'" Carter v. State, 238 So.2d 681, 683 (Fla.1st DCA 1970), quoting from Talavera v. State, 186 So.2d 811, 814 (Fla.2d DCA 1966).
"[I]f this consent is obtained by the use of force or pressure, or where superior authority had any place in the obtaining of the consent, the consent is no consent at all, and the constitutional guarantees against unreasonable searches and seizures have been violated." Pekar v. United States, 315 F.2d 319 (5th Cir.1963).
Such violations are especially prevalent, according to that court, where there is a disparity of position, such as between a government agent and the defendant. James v. State, 223 So.2d 52 (Fla.4th DCA 1969).
Some of the factors which have been used to determine whether a consent to search was voluntary, include: youth of the accused, his lack of education, or his low intelligence. Mack v. State, 298 So.2d 509, 511 (Fla.2d DCA 1974). The question is one of "... fact to be determined from totality of all of the circumstances." Schneckloth, 412 U.S. at 228, 93 S.Ct. 2041. While it has been held in Mack v. State, supra, that advising the subject of a search of his right of refusal is not required, the subject's knowledge to refuse consent is a factor to be taken into account by the courts. Schneckloth, supra; State v. Othen, 300 So.2d 732 (Fla.2d DCA 1974); Mack v. State, supra.
The present case is factually distinguishable from the Mack case, in that the appellant here has very little education and he was barely eighteen at the time of the search in question. In Mack, the defendant was twenty-four years old and was college educated. Both in terms of maturity and experience it may be said that the present appellant was in a much more impressionable and vulnerable position than the defendant in Mack. It should also be noted that the present appellant was in police headquarters at the time that consent was sought, a potentially coercive situation in itself.
The court in United States v. Boukater, 409 F.2d 537 (5th Cir.1969), in distinguishing certain other decisions, points out that "... voluntary consent can rarely, if ever, be inferred where the suspect denies his guilt because a man who denies his guilt would not actually be willing for the police *883 to search for contraband he knows will be discovered." Boukater, at 539. In accord with this reasoning, it would seem absurd to conclude that the present appellant knowingly, freely and voluntarily consented to the search of his apartment at a time when he was advocating his innocence. The reasonable and logical conclusion would be that appellant told the police to go ahead, after denying his consent twice, as a result of emotional and psychological coercion and duress which was precipitated by the totality of circumstances in this case. The appellant was vulnerable to this type of coercion because of his age and limited education. Further, appellant had been separated from his stepmother during the questioning so as to increase the duress under which he was placed. Clearly, appellant was confronted with a situation in which he believed that the police would gain entrance to his room, despite his protests. Thus, the circumstances indicated to him that he was alone against the forces of the state. Certainly, these circumstances do not evidence an absence of coercion.
When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) and cases cited on page 1792. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. In the case sub judice, the State has failed to prove conclusively that the warrantless search was validated by a knowing and voluntary consent. Therefore, it was error to deny appellant's motion to suppress.
Accordingly, the judgment and sentence herein appealed is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
MAGER, C.J., and CROSS, J., concur.