DOWNEY, Judge
(dissenting).
This appeal is from the following order:
“This matter was before the Court on the Defendant’s Motion to Suppress April 21st, 1976. The Defendant was represented by Assistant Public Defender David Horvath and the State was represented by Assistant State Attorney Jack Scarola.
“The facts disclose that a West Palm Beach Detective assigned to the Vice Section of the Police Department received information that the defendant was dealing in narcotics. The officer looked through his departmental records and located a parking meter violation. The Court does not recall how current the parking meter warrant was, but it appeared that it was not a fresh warrant. The officers waited until the defendant arrived home before serving this parking meter warrant. Following the arrest, they told the defendant that they had information that he was dealing in narcotics and asked if he would give permission for them to look around. The defendant agreed that they could look around and they subsequently discovered the materials that constitute the basis of this prosecution.
“The State concedes the pretextual aspects of this search.
“A number of interesting search and seizure doctrines are involved. For example, not every illegal arrest will vitiate a subsequent voluntary consent to search; Vice Officers may not use a pretextual misdemeanor arrest, ordinarily reserved to uniformed police officers, in order to search a suspect; officers should not use an arrest warrant for the person as a substitute for an opportunity of gaining entrance into a home in order to search (although there is enough case authority that it can be said that sometimes they can and sometimes they cannot); submission to the majesty or the authority of a law is also a factor bearing on consent; and, finally, there is the factual consider *880 ation of whether or not the totality of the circumstances perceived by the Trial Court reflects police harassment and overreaching or reflects only police ingenuity and obedience to their mandate to enforce the laws.
“Upon review of the arguments and authorities presented orally and by mem-oranda, the Court is of the opinion that this is another one of those very close cases so common in this area of the law.
“Based on the Court’s perception of the evidence and authorities before it, the Court limits its ruling to the peculiar and special facts of this precise case and finds that the evidence seized should be suppressed for the purpose of the substantive charge, but that the exclusionary rule should not be applied insofar as the evidence relates to the Violation of Probation.
“ACCORDINGLY, it is so ordered.
“The Court attaches to this Order and incorporates by reference the memoranda filed by the litigants as the appropriate applicable law as cited therein.
“DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this 11th day of May, 1976.”
On appeal it is still undisputed that (a) the police located the arrest warrant for the parking meter violation in order to have a reason for going to appellant’s home; (b) the arrest under that warrant was valid; and (c) the defendant knowingly and voluntarily gave the police permission to search his residence.
Since the Constitutions of the United States and the State of Florida prohibit only unreasonable searches, the appellate question is whether the appellee’s consent to the search rendered it reasonable despite the reason the police served the arrest warrant when they did. I think it does.
“Under the Fourth Amendment the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, may not be violated. But a defendant can consent to a search of his property, and a search made as a result of such consent or with his acquiescence does not violate this amendment.” United States v. Jones, 204 F.2d 745, 749 (7th Cir. 1953).
See too James v. State, 80 So.2d 699 (Fla. 1955).
I am aware of the heavy burden the state must meet in proving a defendant consented to a search. See Bailey v. State, 319 So.2d 22 (Fla.1975); Mobley v. State, Fourth District Court of Appeal, 335 So.2d 880, 1976. But in the present case the appellee, during the hearing on his motion to suppress, unequivocally and unhesitatingly acknowledged his completely voluntary consent to the search in question. Such acknowledgment is proof above and beyond the burden set forth in the Bailey and Mobley cases, especially since appellee also acknowledged he is no novice in criminal proceedings.
I would distinguish Harding v. State, 301 So.2d 513 (Fla.2d DCA 1974), upon which appellee relies for affirmance, on the following grounds: (a) the arrest warrant served in that case was for a person other than Harding; (b) Harding did not consent to the search.
For the foregoing reasons, I would reverse the order under review and remand the cause for further proceedings.