ANSTEAD, Judge,
dissenting:
The State fell far short of its burden to prove, by clear and convincing evidence, that consent to search was freely and voluntarily given by the defendant.
George Washington Smith, characterized by the trial court as a known alcoholic, was arrested after an accident on March 2,1975 for driving a motor vehicle while under the influence of alcoholic beverages. Between 11:00 a. m. and 11:30 a. m., Smith was given a breathalizer test and scored .30, well above the statutory presumption of intoxication of .10. At the time he was arrested he made several statements, naming his lawyer and declaring that his lawyer would take care of his situation. The arresting officer reported that Smith was happy-go-lucky, singing, incoherent, and unconcerned about any possible penalties for his conduct.
Several hours later, Smith was questioned in his jail cell by another police officer who was seeking a signed consent by Smith to search Smith’s motor vehicle. Smith was advised that the police wanted to search his vehicle to look for “evidence that was used in the arson on Pershing Avenue.” Smith was told that he didn’t have to give permission, but if he didn’t a search warrant would be obtained. Smith was then given a written consent from which he read and after reading said, “I would like to call my attorney, Mr. Kirk *868 land.” It was the police officers understanding of this statement that Smith wanted to call his attorney and discuss the consent form with him. Thereafter, in a manner that the police officer could not recall, the subject of Smith’s attorney was passed over; and after more conversation Smith eventually signed the consent form. At no time was a telephone offered to Smith or permission granted to call his attorney before the consent was signed.
This court, in Mobley v. State, 335 So.2d 880 (Fla. 4th DCA 1976), invalidated a consent given after the defendant was told a search warrant would be obtained the next day, anyway, if he refused to give consent. And, in State v. McClamrock, 295 So.2d 715 (Fla. 3rd DCA 1974) the Third District held that a consent was invalid when secured several hours after a defendant had requested an attorney. The Third District relied on the principle set out in Miranda v. Arizona[1] that all interrogation must cease when the defendant asks for counsel. While recognizing that Miranda type warnings are not required in consent cases, the Third District noted:
“Theoretically, when the defendants asked to see a lawyer, all police interrogation should have ceased at that point in accordance with Miranda. It, therefore, defies both logic and common sense that absent a lawyer and absent further police questioning, the defendants some five hours after requesting an attorney would have voluntarily relinquished their right to have their apartment remain free from a police search without a warrant.”[2]
Smith, an acknowledged alcoholic and in a clear state of intoxication a few hours earlier, specifically asked for an attorney in connection with the consent sought. He was told a warrant would be secured if he didn’t sign the consent. The State maintains that Smith then voluntarily withdrew or waived his right to counsel and signed the consent. However, the State, through the testimony of the police officer, could not explain what took place between the time the request for counsel was made-and the consent was signed: “Like I said, I can’t remember who started talking about the form, but the form was brought back up and the form was discussed further.”
Under the circumstances of this case I would reverse on the grounds that the State did not, by clear and convincing evidence, prove that consent to search was given freely and voluntarily by the defendant.

. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. 295 So.2d 715 at 718.