OPINION OF THE COURT
Jones, J.
The qhestion posed by this appeal is whether, after a request for counsel has been made by a suspect in custody, his consent to a warrantless search of his premises may be obtained by a request immediately addressed to him in the absence of counsel. We hold that a consent so obtained is unavailing.
Acting on information from participants in an ongoing series of thefts of building materials, Deputy Sheriff Price of the Dutchess County Sheriff’s Department went to defendant’s premises about 6:30 in the early evening of August 26, 1975. On ascertaining defendant’s identity the officer advised him that he was under arrest for grand larceny, handcuffed him and placed him in the back seat of the police car. Price read defendant his rights under Miranda v Arizona (384 US 436) from a card the officer carried, each of which defendant said that he understood. Another officer present at the scene testified that after Price had advised defendant that he had the right to speak to a lawyer defendant responded: "You’re damn right, I’m going to have a lawyer.” About 7:00 p.m. another officer, Sergeant Fikar, who apparently was in charge of the investigation, arrived and inquired whether defendant had been given his Miranda rights. When advised that he had been, Fikar, who saw building materials on his premises, asked defendant, "where did all this stuff come from”, whereupon defendant said that he wanted to talk to his attorney *568 before making any statement. Fikar ceased questioning about the crime but asked defendant if he minded if he looked around, and defendant said "no”, adding, "I have nothing to hide”. The sergeant asked defendant to sign a consent to search form; when defendant agreed to do so the officer produced a form which defendant signed after having been twice told that he had the right not to do so. The form contained a statement that the signer had been informed of his constitutional right not to have a search made without a search warrant and to refuse to consent to such a search. Thereafter, at Fikar’s request defendant opened various buildings on his property which, when searched by the several police officers who by then had come on the premises, produced a quantity of stolen building materials. After the initial search of the three buildings, defendant again expressed his desire for an attorney and informed the officers who his attorney was. Defendant was then permitted to telephone the attorney. Shortly thereafter the attorney arrived on the scene but voiced no objection to the search.
After a hearing on defendant’s motion to suppress the materials recovered at his premises County Court denied the motion, finding that under the criteria set forth in People v Gonzalez (39 NY2d 122) a consent to the search had been freely and voluntarily given by defendant. Defendant thereupon pleaded guilty to grand larceny in the second degree. On appeal the Appellate Division affirmed the conviction, without opinion. We now reverse.
We perceive no basis for differentiation with respect to the constraint imposed on the police by a defendant’s request for an attorney between their thereafter obtaining a statement from him and their thereafter obtaining his consent to a warrantless search of his premises. As we noted in People v Grant (45 NY2d 366), the Supreme Court in Miranda v Arizona (384 US 436, supra) accorded a different significance to an exercise of the constitutional right to counsel (US Const, 6th Arndt; NY Const, art I, § 6) than to an election to remain silent in exercise of the constitutional right against self incrimination (US Const, 5th Arndt; NY Const, art I, § 6). "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have ail opportunity to confer with the attorney and to have him present during any subsequent questioning” (Miranda v Arizona, 384 US 436, 474, supra; see Fare v Michael C., 439 US 1310). The defendant’s rights are no less *569 at stake and the advice of counsel no less important if the police seek a relinquishment of defendant’s constitutional right to be secure against unreasonable searches and seizures than if they seek a waiver of his privilege against self incrimination.
In the present case, defendant twice stated his desire for an attorney before consenting to the search. Notwithstanding this, the police afforded him no opportunity to attempt to reach his attorney; on the contrary they pressed their investigation and without break or interruption sought and obtained his consent to the search of his premises. There was no "scrupulous honoring” of his request for counsel. The focus of their endeavors simply shifted from obtaining oral statements to eliciting his consent to the equally prejudicial search of his property. In these circumstances it was constitutionally impermissible to seek his consent to the search before he had been permitted access to counsel, and his consent thereto, although found to have been voluntarily given, was legally ineffectual. The motion to suppress the physical evidence should therefore have been granted (cf. People v Grant, 45 NY2d 366, supra; People v Buxton, 44 NY2d 33).
It perhaps needs be added that the People can derive no solace from the circumstance that when the attorney did arrive on the scene after the initial search of the buildings had been completed he then raised no objection. Obviously he could not then undo what had already been accomplished. The evidence, as a matter of law, does not support any conclusion that defendant then, on advice of counsel, gave a voluntary, knowing consent to a search of his premises with the intent that it relate back and retroactively validate what to that point had been an unconstitutional search.
Accordingly, the order of the Appellate Division should be reversed, defendant’s plea and thus his conviction vacated, his motion to suppress the physical evidence granted, and the case remitted to County Court for further proceedings on the indictment.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, plea and conviction vacated, motion to suppress physical evidence granted, and case remitted to Dutchess County Court for further proceedings on the indictment.