392 So.2d 350 (1981)
STATE of Florida, Appellant,
v.
Edward Eugene RARDIN, Appellee.
No. 79-308.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
*351 Michael J. Satz, State Atty. and Patti Englander, Asst. State Atty., Fort Lauderdale, for appellant.
Alan H. Schreiber, Public Defender and Jerry B. Smith, Asst. Public Defender, Fort Lauderdale, for appellee.
BERANEK, Judge.
This is an appeal by the State from an order granting defendant's motion to suppress physical evidence, the issue being whether defendant consented to the search of his trailer or simply acquiesced to the police officers' apparent authority. We reverse.
A fire broke out in a trailer occupied by defendant on October 16, 1978. The following day, the Broward County Sheriff's Department sent one of its detectives on a routine investigation to determine the cause and origin of the fire. Upon arrival, the detective identified himself to defendant, told him he was there to inspect the trailer for the cause and origin of the fire, and requested permission to go inside and look around. Defendant agreed and unlocked the door. The detective looked around quickly and left, informing the defendant he would come back later that afternoon to complete the investigation.
Before returning, the detective received a tip that the fire might have been purposefully set to murder someone. The detective suspected that defendant, allegedly inside the trailer when the fire started, was the intended victim.
The detective returned to the trailer approximately two and one-half hours later accompanied by a Deputy State Fire Marshal and an assistant chief of Davie's Volunteer Fire Department. The trio introduced themselves to defendant and explained they were there to reinspect for the cause and origin of the fire. The detective told defendant they had received a telephone call informing them that the fire was an attempted murder and asked defendant if anyone was after him. They took photographs and picked up burnt debris samples for laboratory testing.
At the hearing on his motion to suppress, defendant admitted willingly allowing the investigators to search the trailer, but claimed he did so only because he did not know he could refuse  "[he] just assumed the man with a badge had a right." This, according to defendant, vitiated his consent, requiring the investigators to obtain a warrant.
If, as defendant contends, he did not voluntarily consent, the Supreme Court's opinion in Michigan v. Tyler, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978), required the investigators to secure a warrant to explore the cause of the fire. However, we find the facts of this case undisputably show defendant knowingly and voluntarily permitted the investigators to enter and search his trailer. Unlike Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978), this is not a situation where defendant merely acquiesced to the officer's apparent authority. The investigators' actions were entirely reasonable and not at all coercive. By affirmatively responding to the investigators' request to enter the trailer and unlocking the door for them, defendant expressly invited or agreed to the search.
The investigators' failure to advise defendant of his right to refuse consent is one factor to be considered in assessing voluntariness, but does not automatically render the consent involuntary. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978), cert. denied, 361 So.2d 835 (Fla. 1978); State v. Spanierman, 267 So.2d 102 (Fla. 2d DCA 1972). As the Schneckloth Court stated:
While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent. * * * Any defendant who was the subject of a search authorized solely by his consent could effectively frustrate the introduction into evidence of the fruits of that search by simply failing to testify that he in fact knew he could refuse to consent. And *352 the near impossibility of meeting this prosecutorial burden suggests why this Court has never accepted any such litmus paper test of voluntariness. * * * In short, neither this Court's prior cases, nor the traditional definition of "voluntariness" requires proof of knowledge of a right to refuse as the sine qua non of an effective consent to a search. Schneckloth v. Bustamonte, supra, 412 U.S. 227, 230, 234, 93 S.Ct. 2047, 2049, 2051.
Defendant was not in custody when he gave his consent. In fact, he wasn't even a suspect. Defendant cooperated with what appeared to be entirely reasonable police conduct designed for his protection.
We hold the defendant's consent was voluntary and not invalidated by the investigators' failure to advise him that he might have refused consent. Accordingly, the order suppressing the evidence is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.