**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John GRANNEMANN,
Defendant-Appellant.**

No. 51001.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 10, 1986.

Janis Caroline Good, Union, for defendant-appellant.

John Munson Morris, Union, for plaintiff-respondent.

KELLY, Judge.

Appellant, John Grannemann, appeals from a jury waived judgment of the Circuit Court of Franklin County finding him guilty of two counts of selling marijuana, a controlled substance, in violation of § 195.020 RSMo (Supp.1984).

Appellant's sole contention on appeal is that the trial court erred in overruling his motion to suppress evidence obtained in a search of the apartment in Union, Missouri which appellant and his brother, Woodrow Grannemann were sharing on May 6, 1985.

On that date, pursuant to arrest warrants which had been issued earlier, Detective Sergeant Norman Brune and four other members of the Union Police Department arrested both appellant and his brother. Appellant was arrested outside his apartment and then brought back inside where his brother, Woodrow, was taken into custody. The two men were then handcuffed and given the Miranda warnings.

Detective Sergeant Brune then asked both men if he could search the apartment. Appellant answered, "go ahead." During the search which immediately followed, the officers found a gram scale and some plastic "sandwich" bags, along with a few pipes for smoking and some roaches (burnt ends of rolled cigarettes).

On September 27, 1985, appellant moved to suppress the evidence found in the apartment. A hearing on the motion was conducted on October 3, 1985; and after hearing the testimony of Detective Sergeant Brune, the trial court overruled the motion to suppress. Brune was the only witness at the suppression hearing.

Of the evidence found in the apartment, only the gram scale was admitted into evidence at appellant's trial. However, there was testimony by Sergeant Brune concerning the plastic bags; and a photograph was also admitted showing an open drawer in appellant's dresser, with the bags visible inside. Sergeant Brune testified that both the scale and the bags were found in appellant's bedroom. Both the scale and the photograph were admitted over the objection of appellant's counsel.

This court's review of the trial court's ruling on the motion to suppress and on the admissibility of the evidence at trial "is limited to a determination of whether the evidence was sufficient to sustain its [the trial court's] finding." State v. Baskerville, 616 S.W.2d 839, 843[2] (Mo.1981). The test is whether or not, based on the evidence presented at the suppression hearing and at the trial, the trial court could reasonably have determined the evidence to be admissible. We must also give due regard to the fact that the trial court had the opportunity to judge the credibility of the witnesses. State v. Johns, 679 S.W.2d 253, 261[9–10] (Mo. banc 1984).

If appellant voluntarily consented to the search of his apartment, then the evidence found in that search was admissible against him. The fact that appellant was under arrest at the time that he gave his consent to the search is not enough in itself to establish that the consent was not voluntary. State v. Dees, 639 S.W.2d 149, 154[2] (Mo.App.1982). However, in this case appellant's counsel in her brief argues that "the presence of five police officers, the handcuffing of appellant and his brother, the failure to inform the defendant he had a right to refuse the search, and finally the lack of any written consent" establish that there was no reasonable basis on which the trial court could have found the consent to be voluntary. We disagree.

All of those factors are relevant circumstances to look to in determining whether a consent was voluntarily given. However, no one fact or series of facts is controlling. The trial court must look to the totality of

the circumstances under which consent was allegedly given, in deciding whether the consent was voluntary. *State v. Clark*, 671 S.W.2d 1, 3[9] (Mo.App.1983); *State v. Rush*, 497 S.W.2d 213, 215[9] (Mo.App. 1973). An oral consent is not necessarily involuntary simply because there is more than one officer present and the suspect has already been handcuffed. Nor is it a sine qua non of an effective consent that the person know that he can refuse to consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 2048[7], 36 L.Ed.2d 854, 863[7] (1973). *See also, United States v. Watson*, 423 U.S. 411, 424–425, 96 S.Ct. 820, 828[4], 46 L.Ed.2d 598, 609[7] (1976) and *State v. Clark*, 671 S.W.2d 1, 3[10] (Mo.App.1983). The issue is whether or not the consent to search was a product of the free will of the person giving the consent.

In this case, appellant was in his own home and he was with his brother. There is no evidence that the officers overemphasized their authority. In fact, none of the officers drew their weapons. There is also no evidence that the officers tricked appellant into consenting. The only testimony dealing with the consent, both at the suppression hearing and at trial, came from Detective Sergeant Brune. Brune testified that he had *asked* the appellant and his brother if he could search and he stated that the appellant said to "go ahead." Under these facts, the trial court did not act unreasonably in concluding that appellant's consent to the search was voluntarily given, and not the product of coercion. Therefore, we affirm.

CRANDALL, P.J., and PUDLOWSKI, J., concur.