**STATE of Missouri, Respondent,**

v.

**Benjamin L. WHITE, Appellant.**

**No. 55017.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

---

**5.** In reviewing the offers of proof, we do not find any excluded evidence probative of this point either.

Gary L. Robbins, Public Defender, Scott Albers, Asst. Public Defender, Jackson, for appellant.

William L. Webster, Atty. Gen. and John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction for receiving stolen property, § 570.080, RSMo 1986, for which he was sentenced to three years' imprisonment. We affirm.

Defendant asserts the trial court erred in denying his motion to suppress evidence recovered in a search of his home pursuant to a consent to search signed by defendant. Defendant contends the consent was invalid because it was obtained in violation of his *Miranda* rights; it was the poisonous fruit of his unlawful arrest; and it was the product of coercion and duress. We will discuss each of defendant's arguments in turn.

In reviewing the trial court's ruling on a motion to suppress evidence, we need only determine whether the trial court's decision was supported by substantial evidence, keeping in mind the trial court's opportunity to judge the credibility of the witnesses. *State v. Johns,* 679 S.W.2d 253, 261 [9, 10] (Mo.banc 1984) *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985).

The evidence viewed in the light most favorable to the verdict discloses the following: On October 15, 1987, an employee of Roommate's Waterbeds reported a theft from their warehouse. Among the items taken were two tool boxes, several tools and a Superior brand mattress and box spring set. On October 19 or 20, the police received an anonymous telephone call stating defendant was in possession of some of the merchandise stolen from Roommate's. After viewing and photographing merchandise similar to that stolen, two police officers proceeded to defendant's residence.

The officers knocked on defendant's door and defendant told them to "come on in."

Upon entering the home, the officers observed defendant in the process of painting. The officers saw a bed that appeared to be the same type as the one stolen from Roommate's. The police officers identified themselves and asked defendant if he would voluntarily come to the police station to discuss some matters. Defendant agreed to come, but before leaving changed his clothes and got some cigarettes to take with him. Defendant rode to the station in the police car.

Once they arrived at the police station, defendant was taken to an interview room and advised of his *Miranda* rights. Defendant waived those rights and talked to the officers. When asked where he got the bed, defendant explained he had purchased it from two men on the street. When asked to put the statement in writing, defendant refused and asked to speak to an attorney.

At that point, the questioning stopped. The police officers charged defendant with burglary and stealing and asked if he would consent to the search of his apartment. Defendant signed the consent form and asked the officers if they wanted the key to his apartment. When the officers replied in the affirmative, defendant turned over the same and asked the officers to give the key to his daughter after the search. Pursuant to the search, the police recovered a mattress, box springs, tools and tool boxes which were identified as merchandise stolen from Roommate's Waterbeds. The charges of burglary and stealing against movant were subsequently dismissed, and he was charged with receiving stolen property.

■ Defendant first argues the consent to search was invalid because it was obtained after his request for an attorney but before an attorney was provided to him in violation of his *Miranda* rights.

There is no question that under *Miranda*, once an individual requests to speak to an attorney all interrogation must cease until an attorney has been provided. *Miranda v. Arizona*, 384 U.S. 436, 474, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966); *see also Edwards v. Arizona*, 451 U.S. 477,

484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981). The viability of defendant's argument rests in a determination of whether the police officers' request for a consent to search constituted interrogation for *Miranda* purposes and whether defendant's consent constituted an incriminating statement warranting *Miranda* protections.

In *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), the United States Supreme Court defined interrogation under *Miranda* as "not only ... express questioning, but also ... any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id* at 301, 100 S.Ct. at 1689.

Defendant has not cited and our independent research has not disclosed a Missouri case deciding the issue before us; however, several other courts have examined the issue with differing determinations.

Many courts have held that "a request for consent to search is not interrogation for *Miranda* purposes because consent is not an incriminating statement." *State v. Little*, 421 N.W.2d 172, 174[4] (Iowa Ct. App.1988); *United States v. Cherry*, 794 F.2d 201, 208[3] (5th Cir.1986) *cert. denied*, 479 U.S. 1056, 107 S.Ct. 932, 93 L.Ed.2d 983 (1987); *Cody v. Solem*, 755 F.2d 1323, 1330[7] (8th Cir.1985) *cert. denied*, 474 U.S. 833, 106 S.Ct. 104, 88 L.Ed.2d 84 (1985); *United States v. Ritter*, 752 F.2d 435, 438[4] (9th Cir.1985); *Smith v. Wainwright*, 581 F.2d 1149, 1152[3] (5th Cir. 1978); *United States v. Lemon*, 550 F.2d 467, 472[17] (9th Cir.1977) (consent to search is not in itself testimonial or communicative in nature and is not the type of incriminating statement protected by the Fifth Amendment). *Contra Kreijanovsky v. State*, 706 P.2d 541, 546[14] (Okla.Crim. App.1985) (once individual in custody requests attorney, officers must not seek further consensual admissions, including consent to search); *People v. Johnson*, 48 N.Y.2d 565, 569, 423 N.Y.S.2d 905, 907, 399 N.E.2d 936, 938 (1979); *State v. McClam-*

*rock,* 295 So.2d 715, 718 (Fla.Dist.Ct.App. 1974) (where defendants in custody requested but were denied the right to confer with an attorney, a consent to search cannot have been freely and voluntarily given).

With full attention to the authorities previously listed, we find a *Miranda* violation in and of itself would not vitiate the consent to search if otherwise voluntarily given. The *Miranda* violation is one factor to be considered when determining whether the consent was in fact voluntary. *Ritter,* 752 F.2d at 439.

In his second point, defendant argues the consent was invalid because it came as a result of the unlawful seizure of defendant in his home without a warrant. The State contends defendant was not arrested at his home, but at the police station.

■ The evidence discloses police officers went to defendant's home to question him about the stolen property. Defendant had not been placed under arrest when he voluntarily accompanied the officers to the police station for questioning. *State v. Spivey,* 710 S.W.2d 295, 299[2] (Mo.App. 1986). There was no evidence defendant's freedom of movant was restrained. In fact, he changed clothes and got some cigarettes before he left with the officers.

■ Moreover, even if we were to find the arrest occurred at defendant's home, it would not be a violation of *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980), as defendant claims. *Payton* held that the Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." *Id.* at 576[1], 100 S.Ct. at 1375. In this case, the officers entered the apartment with the consent of defendant. "If consent is given by a person authorized to allow entry, a warrant for arrest is not necessary." *State v. Powell,* 728 S.W.2d 622, 625[7] (Mo.App.1987); *Newman v. State,* 669 S.W.2d 617, 619[2] (Mo.App. 1984).

■ Defendant, in his final point, argues the motion to suppress should have been granted because the State failed to prove by a preponderance of the evidence that the consent was voluntarily given.

Whether a consent to a search is voluntary is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854 (1973). Factors to consider include:

the number of officers present, the degree to which they emphasized their authority, whether weapons were displayed, whether the person was already in police custody, whether there was any fraud on the part of the officers, [and] the acts and statements of the consenter. . . .

*State v. Reese,* 625 S.W.2d 130, 132 (Mo. banc 1981) (quoting *State v. Rush,* 497 S.W.2d 213, 215 (Mo.App.1973)).

In this case, only two police officers were in the interview room when the consent was given. There is no evidence of promises or fraudulent acts by the police to induce the consent. Defendant was told he had the right to refuse to consent and he offered the police officers the key to his apartment asking that they turn it over to his daughter when they were finished. Under these facts, the trial court's finding that the consent to search was voluntarily given was supported by substantial evidence. *See State v. Grannemann,* 715 S.W.2d 563, 565 (Mo.App.1986) (arrestee's consent was voluntarily given though five police officers were present, arrestee was handcuffed, officers did not inform arrestee he had the right to refuse, and consent was not given in writing).

Judgment affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.