■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SUAREZ, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silberman, J., at *Huntley* hearing; William Donnino, J., at jury trial and sentence), rendered May 14, 1991, convicting defendant of conspiracy in the 2nd degree and sentencing him to an indeterminate sentence of 8⅓ to 25 years in prison, unanimously reversed, on the law, the facts, and as a matter of discretion in the interest of justice, the judgment vacated and the matter remanded for a new trial.

The sole issue on appeal is whether the defendant invoked his right to counsel prior to giving two incriminating statements, one videotaped, to the police. It is undisputed that Oswaldo Mendez was shot on March 1, 1989, and died as the result of his wounds on March 14, 1989. On March 2 and 3,

1989, defendant, after receiving *Miranda* warnings, gave conflicting statements about his presence in the Bronx on March 1, 1989. These statements are not at issue on this appeal.

On March 14, 1989, defendant was arrested outside of his home in Brentwood, Long Island, for murder and related crimes. In the squad car Detective Al Herwick read defendant his *Miranda* warnings from a pre-printed card. In response to the detective's question as to whether he wished to talk, defendant responded, "No."

Detective James McGovern testified that he transported defendant from the 49th Precinct to central booking. Prior to entering central booking, the defendant said he wanted to talk. Defendant was then transported to the 48th Precinct. On the way, defendant became ill and vomited outside of the car. When defendant reentered the car, he asked the detective if he should get a lawyer. The detective responded that it was none of his business. Defendant was then returned to central booking, processed, and lodged in a cell at the 43rd Precinct.

On March 15, 1989, Detective Richard Merkle questioned the defendant. Prior to questioning defendant and because he learned about defendant's question the previous night as to whether or not he should have an attorney, Detective Merkle asked the defendant on tape whether he had asked for an attorney the previous night. The transcript reads as follows:

"DET. MERKLE: Last night you made a statement something to the effect, to Detective McGovern, that you did not want to talk, but it was unclear whether you were thinking about an attorney or not. Would you put it on the record exactly how you feel at this time * * *

"DEFENDANT: I was all nervous, you know, yesterday and they asked me if I wanted a lawyer * * * I got nervous and confused and I said I think I want to talk to a lawyer."

After this taped conversation, Detective Merkle called an Assistant District Attorney to see if the defendant should be questioned. The detective was told to proceed. Defendant made an incriminating statement. He made another videotaped statement later that day.

The defendant clearly invoked his right to counsel prior to the two statements being given. Even if there is some doubt about his invocation of the right to counsel on March 14 when defendant told Detective Herwick that he did not want to answer questions, defendant's taped conversation with Detective Merkle left no doubt of that invocation. To Detective Merkle's credit, he recorded the conversation. The invocation

of the right to counsel leads to the conclusion that the oral statement given to Detective Merkle and the subsequent videotaped statement must be suppressed *(see, People v Esposito,* 68 NY2d 961 [1986]). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.