■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WHITTLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered July 22, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain statements. Judgment affirmed. At the conclusion of defendant's pretrial *Huntley* hearing, Criminal Term held that the burden was on the defendant to prove by a preponderance of the evidence that his statements were not voluntary. Specifically, Criminal Term stated: "So that we clearly understand the nature of these proceedings, the burden of proof is upon the defendant to establish to this Court by a preponderance of the evidence the position that he takes." The People concede, with commendable candor, that Criminal Term erred in so holding. It is well settled that at a pretrial *Huntley* hearing the burden of proof is upon the People to prove beyond a reasonable doubt the voluntariness of the statements (*People v Holland,* 48 NY2d 861). However, an examination of the record leads us to the conclusion that the People did, in fact, carry their heavy burden. We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Kings County (Felig, J.), rendered December 7, 1979, convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence, and (2) by permission, from an order of the same court (Booth, J.), entered June 29, 1981, denying his motion pursuant to CPL 440.10 to vacate the judgment of conviction. The appeal from the judgment brings up for review the denial, after a hearing, of defendant's motion to suppress his statements. Case remitted to the Supreme Court, Kings County, to hear and report on whether the police, at the time of questioning the defendant, knew that there was an unrelated charge pending against him or knew that he was represented by counsel on such a pending unrelated charge (see *People v Fuschino,* 59 NY2d 91; *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225), and appeals held in abeyance in the interim. Criminal Term shall file its report with all convenient speed. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHRIS G. ALEVRAS, Appellant, v WILSON WALTERS, as Superintendent, Ossining Correctional Facility, Respondent. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated May 27, 1982, which dismissed the proceeding. Appeal dismissed as academic, without costs or disbursements. The appellant is no longer incarcerated. O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.