■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN M. AIA, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 17, 1984, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, a felony, and of operating a motor vehicle while under the influence of alcohol, a traffic infraction.

On this appeal, defendant contends chiefly that the sentence imposed on his convictions of operating a motor vehicle with at least .10% of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2), as a class E felony, and operating a motor vehicle while his ability is impaired by alcohol (Vehicle and Traffic Law, $ 1192, subd 1), as a traffic infraction, was harsh and excessive. Defendant received an indeterminate sentence of one to three years on the felony, and a 30-day concurrent sentence to be served in the county jail, a $500 fine and the revocation of his operator's license on the traffic infraction.

The convictions stemmed from events which occurred on October 20, 1982 when defendant's Corvette left the traveled portion of Route 209 in the Ulster County Town of Hurley, struck a boulder and went down an embankment. A resident of the town heard the accident and drove to investigate. He found defendant on the southbound shoulder of the road, waving his arms. The resident drove defendant to the New York State Police Barracks to report the accident. The resident testified that defendant smelled of alcohol, appeared dazed, was unsteady on his feet, disoriented and confused. Defendant said he drove off the road to avoid hitting a deer. The damage to defendant's car was all on the right front side and defendant was uninjured, except for a small scratch on his forehead. Defendant consented to a breathalyzer test, which revealed a blood alcohol content of .26%.

In view of defendant's three prior driving while intoxicated convictions in the last 10 years and his arrest for a similar offense in another county while he was out on bail on this

instant charge, plus his several convictions for driving while his license was suspended, the sentence imposed cannot be considered excessive. His prior conduct indicates no respect for or appreciation of his driver's privilege. Furthermore, he was also arrested on four prior occasions and charged with criminal possession of a controlled substance in the seventh degree. The sentence imposed was not the maximum, which was four years. Considering defendant's total disregard of the law, there was no abuse of the Trial Judge's discretion in sentencing the defendant as he did (see *People v Bouton,* 40 AD2d 383).

Defendant also complains that his head injury mandated an alcohol blood test, rather than a breathalyzer test which, under the circumstances, he contends was unreliable. However, defendant's injury was very slight, a mere scratch; he was otherwise uninjured and refused all offers of medical assistance. Furthermore, defendant consented to the breathalyzer test. The choice of test was the officer's, not defendant's, and there is no showing that the officer was in any way unreasonable in his choice of which test to use.

Next, defendant argues that the statements he made prior to his arrest should have been suppressed. In this regard, defendant's argument again fails. *Miranda* warnings are not required where police officers are investigating traffic accidents, since the investigation has not reached the custodial stage (*People v McMillan,* 112 Misc 2d 901).

The other arguments of defendant have been considered and found to be without substance. The proof of guilt is overwhelming and no reversible error has been shown. The conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.