OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the *962 plea vacated, the motion to suppress granted, and the case remitted to the trial court for further proceedings on the indictment.
The defendant was arrested and taken to the police station where he was advised of his rights and confronted with statements made by the victim and her mother. When he stated "I might need a lawyer”, the police officer referred him to a local telephone directory after determining that the defendant did not have an attorney. The officer also informed the defendant that further legal proceedings would be distressing to the victim. Without the assistance of counsel the defendant made statements in response to police questioning and also signed a consent form authorizing the police to search his cabin.
Prior to trial the defendant moved to suppress the statements and the evidence seized at his cabin. The trial court denied the motion and the defendant pleaded guilty. The Appellate Division affirmed the conviction and the defendant appealed.
The Appellate Division found that the defendant initially invoked the right to counsel but "[ujnder the totality of the circumstances” waived it. The court also found that the police officer’s statements regarding the effect of further legal proceedings on the victim were not coercive.
In view of the finding that the defendant’s initial statement to the police officer regarding an attorney constituted a request for counsel, the motion to suppress should have been granted. The additional findings that the defendant subsequently waived the right, and did so voluntarily, are not controlling — on the contrary, once the defendant invokes the right to counsel guaranteed by NY Constitution, article I, § 6, any waiver obtained in the absence of counsel is ineffective (People v Cunningham, 49 NY2d 203). The rule applies to statements obtained as a result of police questioning (People v Cunningham, supra) and also to evidence seized as a result of an uncounseled consent to search (People v Johnson, 48 NY2d 565). Thus, the motion to suppress should have been granted in its entirety.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.