OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *839
 
 Defendant was brought by police to the station house for questioning regarding a murder investigation. There, he talked freely with police until they confronted him with a bloodstained T-shirt that was recovered outside of his apartment. At that point, defendant informed the police that he wanted to call a friend to get a lawyer. The officer asked the number, and defendant said to call his mother instead. Then, as the officer was about to dial the number, defendant said: "Hang up the telephone. I do not want a lawyer. I’ll talk to you.” Between 30 and 60 seconds passed between the time that defendant first said that he wanted to call a friend and the time when he said he did not want a lawyer. Defendant made several incriminating statements after he said he did not want a lawyer, some spontaneous and others in response to police questioning.
 

 Defendant argues that he is entitled to a new trial because the statements he made to police after allegedly invoking his right to counsel, but before he retained counsel, were admitted into evidence in violation of our decisions interpreting the scope of the right to counsel guarantee of the New York Constitution (art I, § 6)
 
 (see, People v Esposito,
 
 68 NY2d 961;
 
 People v Cunningham,
 
 49 NY2d 203). We disagree.
 

 When a defendant in custody unequivocally requests the assistance of counsel, any purported waiver of that right obtained in the absence of counsel is ineffective
 
 (see, People v Esposito, supra; People v Cunningham, supra).
 
 However, when the defendant’s request is not unequivocal, the right to counsel does not attach
 
 (see, People v Hicks,
 
 69 NY2d 969, 970;
 
 People v Rowell,
 
 59 NY2d 727, 730). Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant’s demeanor, manner of expression and the particular words found to have been used by the defendant
 
 (see, People v Johnson,
 
 79 AD2d 201, 204 [Callahan, J., dissenting],
 
 revd for reasons stated in dissenting opn below
 
 55 NY2d 931;
 
 see also, People v Esposito, supra,
 
 at 962).
 

 There is evidence in the record that as part of the same statement in which defendant said he wanted to call a friend to get a lawyer, defendant clearly and unambiguously negated those very words. Thus, the undisturbed finding of the lower courts is supported by evidence in the record and is not reviewable by this Court. As defendant did not unequivocally inform the police that he wanted counsel, defendant’s statements were admissible in evidence.
 

 
 *840
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.