■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DALLIO, Appellant. [682 NYS2d 233] —Motion by the appellant to recall and vacate a decision and order of this Court, dated May 4, 1998, in the above-entitled matter.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the unpublished decision and order of this Court dated May 4, 1998, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered December 13, 1995, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree, and robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his confession, which he gave to two detectives at Shawangunk Correction Facility, was obtained in violation of his right to counsel. The defendant initially refused to answer directly the detectives' questions as to whether he wanted an attorney. When the detectives pursued the issue of whether the defendant wanted an attorney, the defendant clearly agreed to speak to them without

one. He also agreed to have his statement tape recorded. One of the detectives began the tape by stating that the defendant "had been advised of his rights and he indicated that he did not want to make a statement with the tape recorder on without an attorney present. Would you like to make a statement now, do you want an attorney present for the statement?" The defendant responded that he would make a statement.

We find that the defendant did not unequivocally request the assistance of counsel and, therefore, his statement to the police should not be suppressed (*see, People v Glover,* 87 NY2d 838).

Contrary to the defendant's contention, his sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.