■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WADE, Appellant. [745 NYS2d 306] —Carpinello, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered November 22, 2000, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of two indictments containing multiple counts, defendant entered a plea of guilty of burglary in the second degree and was sentenced to a determinate prison term of five years. He now appeals, arguing that County Court erred in denying his motion to suppress statements made to the police on two separate occasions and that the sentence is excessive. We disagree with both arguments and affirm.

With regard to the first of the statements, defendant, who voluntarily appeared for questioning, contends that he invoked his right to counsel when, in response to the interrogating officer's explanation of his rights, he said that "maybe I better call somebody" and the officer placed a call to the Public Defender's office on his behalf. A few minutes later, however, while waiting for a return call from the Public Defender's office, defendant suddenly said that he "just wanted to get the stuff out of the way" and he made the incriminating statement. At no time did defendant or anyone else inform the officer that defendant had retained counsel. Nor did defendant state that he intended to retain counsel. In these circumstances, the record demonstrates that, although defendant considered seeking the advice of counsel and was given ample opportunity to decide, he never made an unequivocal request for the assistance of counsel and, therefore, the right to counsel did not attach (*see, People v Glover*, 87 NY2d 838, 839; *People v Lattanzio*, 156 AD2d 757, 760, *lv denied* 76 NY2d 860; *People v Santiago*, 133 AD2d 429, *affd* 72 NY2d 836; *see also, People v Hurd*, 279 AD2d 892).

With regard to the second statement, which he made several days after the first, defendant contends that his right to counsel had attached because he was arrested, arraigned and had requested assigned counsel on the grand larceny charge based on the first statement. The second statement, however, resulted from police questioning that occurred after defendant's release

on bail and, therefore, he was not in custody on the grand larceny charge on which he had requested assigned counsel. Accordingly, since the police questioning on the unrelated matter did not fall within either the "closely related" or "purposely exploitive" categories described by the Court of Appeals in *People v Cohen* (90 NY2d 632, 638, 642; *see, People v Grant*, 91 NY2d 989), the second statement was not taken in violation of defendant's right to counsel (*see, People v Walker*, 285 AD2d 660, 662-664, *lv denied* 97 NY2d 659, *cert denied* — US —, 122 S Ct 1932).

With regard to defendant's challenge to the severity of the sentence, we note that he was permitted to plead to a single burglary charge in satisfaction of a number of charges and he entered his plea with the understanding that the People would recommend the sentence that was ultimately imposed. Although defendant was an honorably discharged and decorated veteran with no prior convictions, the sentence was well within the statutory limits for a class C violent felony offense (*see,* Penal Law § 70.02 [3] [b]) and we see neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances which would warrant a modification in the interest of justice.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.