OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This appeal calls upon us to decide whether the parent of a juvenile offender can invoke the right to counsel on the child’s behalf.
 

 Defendant was 15 years old when he was arrested at his high school for armed robbery. Prior to placing defendant in a lineup, the investigating officer called defendant’s mother to ask whether she could attend the planned identification procedure.
 
 *274
 
 At a suppression hearing, defendant’s mother testified that she told the officer she was unable to attend because she had a young baby, but added that defendant had a lawyer and asked, “Do you want a number?” Although defendant’s mother did not remember the officer’s response, the record reflects (and Supreme Court found) that the police were already aware that defendant was represented by counsel in a pending, unrelated case. The officer did not, however, attempt to contact defendant’s lawyer or otherwise afford counsel an opportunity to attend the lineup, at which defendant was identified by two eyewitnesses as the perpetrator of the robbery. Defendant’s motion to suppress the uncounseled lineup and any in-court identification was denied, and, upon his trial as a juvenile offender, a jury convicted him of two counts of robbery in the first degree. The Appellate Division affirmed, as do we.
 

 Discussion
 

 The constitutional right to counsel generally attaches upon the commencement of a criminal action or other adversary judicial proceedings.
 
 [1]
 
 There is thus no automatic entitlement to counsel at pre-accusatory, investigatory lineups, including in the context of juvenile delinquency proceedings.
 
 [2]
 
 As a result, “law enforcement authorities ordinarily are not required to notify counsel of an impending investigatory lineup absent a specific request to do so.”
 
 [3]
 

 Even before the commencement of formal proceedings, however, the right to counsel at an investigatory lineup will attach in either of two circumstances. The first is when counsel has actually entered the matter under investigation.
 
 [4]
 
 The second is when a defendant in custody, already represented by counsel on an unrelated case, invokes the right by requesting his or her attorney.
 
 [5]
 
 Once the right to counsel has been triggered, the police may not proceed with the lineup without at least apprising the defendant’s lawyer of the situation and affording the lawyer
 
 *275
 
 a reasonable opportunity to appear. A specific request that the lineup not proceed until counsel is so notified need not be made.
 

 The question presented here is whether defendant’s mother could invoke the right to counsel on his behalf. We hold that she could, but did not in this case.
 

 The police are not required to secure counsel for an unrepresented suspect being placed in a pre-accusatory, investigatory lineup, even when the suspect requests that counsel be provided.
 
 [6]
 
 Rather, a request for counsel at such a lineup will cause the right to attach only when the police are or become aware that the suspect is actually represented by counsel in a pending case. “When an accused, at any stage, ... to the knowledge of the law enforcement agencies, already has counsel, his right or access to counsel may not be denied.”
 
 [7]
 
 Here, the undisturbed finding of the suppression court, supported by the record, was that the police were already aware that defendant was represented by counsel on a pending, unrelated case, even before defendant’s mother so informed them. In these circumstances, the question becomes simply whether defendant’s mother could invoke counsel by requesting it on his behalf.
 

 Although a third party cannot invoke counsel on behalf of an adult defendant,
 
 [8]
 
 the considerations may be different when a juvenile is involved. Juveniles charged with delinquency can be as young as seven.
 
 [9]
 
 Children of tender years lack an adult’s knowledge of the probable cause of their acts or omissions and are least likely to understand the scope of their rights and how to protect their own interests. They may not appreciate the ramifications of their decisions or realize all the implications of the importance of counsel. Indeed, the need for counsel “has been recognized as all the more vital with respect to the unsophisticated, who are often uneducated in the ways of the criminal justice system and unaware of the role counsel can play in protecting their interests.”
 
 [10]
 
 Consistent with these principles, New York law requires that parents be notified of certain criminal proceedings involving an accused under 16 years old.
 
 [11]
 

 
 *276
 
 While the parent or legal guardian of a juvenile delinquent or juvenile offender may invoke the right to counsel on his or her child’s behalf,
 
 [12]
 
 the undisturbed finding that defendant’s mother did not do so here has support in the record and is thus beyond our further review. In order for the right to attach, the invocation of counsel by an uncharged defendant—or by a parent standing in the defendant’s shoes—must be unequivocal. Whether a particular request is or is not unequivocal “must be determined with reference to the circumstances surrounding the request including the [speaker’s] demeanor, manner of expression and the particular words found to have been used.”
 
 [13]
 
 While no magic words are required, an unequivocal invocation— even when uttered by a layperson understandably upset at the arrest of her child—must alert the police that the presence of counsel at the lineup is specifically requested. A suggestion that counsel might be desired;
 
 [14]
 
 a notification that counsel exists;
 
 [15]
 
 or a query as to whether counsel ought to be obtained
 
 [16]
 
 will not suffice. Here, defendant’s mother merely informed the police that defendant had a lawyer and asked whether the police wanted that lawyer’s number. Because her remarks are consistent with a variety of interpretations, we cannot conclude that the suppression court erred as a matter of law in finding that she did not unequivocally invoke her son’s right to counsel.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 Order affirmed.
 

 [1]
 

 .
 
 See People v Settles,
 
 46 NY2d 154 (1978);
 
 People v Blake,
 
 35 NY2d 331 (1974);
 
 People v Coleman,
 
 43 NY2d 222 (1977);
 
 People v Sugden,
 
 35 NY2d 453 (1974).
 

 [2]
 

 .
 
 See People v Hawkins,
 
 55 NY2d 474 (1982);
 
 Blake,
 
 35 NY2d 331;
 
 Matter of Jamal C,
 
 75 NY2d 893 (1990).
 

 [3]
 

 .
 
 People v Coates,
 
 74 NY2d 244, 249 (1989).
 

 [4]
 

 .
 
 See People v LaClere,
 
 76 NY2d 670 (1990);
 
 People v Wilson,
 
 89 NY2d 754 (1997).
 

 [5]
 

 .
 
 See Coates,
 
 74 NY2d at 249;
 
 People v Thomas,
 
 76 NY2d 902 (1990).
 

 [6]
 

 .
 
 See Hawkins,
 
 55 NY2d at 487.
 

 [7]
 

 .
 
 Blake,
 
 35 NY2d at 338.
 

 [8]
 

 .
 
 See People v Grice,
 
 100 NY2d 318, 324 n 2 (2003).
 

 [9]
 

 .
 
 See
 
 Family Court Act § 301.2 (1).
 

 [10]
 

 .
 
 Settles,
 
 46 NY2d at 160.
 

 [11]
 

 .
 
 See
 
 CPL 1.20 (42); 140.20 (6) (police must notify parent of arrest and whereabouts of a juvenile offender); Family Court Act § 305.2 (2), (3), (7) (par
 
 *276
 
 ent must be given notice,
 
 Miranda
 
 warnings and an opportunity to attend custodial interrogation of children under 16 years old arrested for juvenile delinquency).
 

 [12]
 

 . Of course, as made clear above, in the context of a pre-accusatory, investigatory lineup, the right to counsel may he invoked only when the defendant is already represented in a pending case.
 

 [13]
 

 .
 
 People v Glover,
 
 87 NY2d 838, 839 (1995).
 

 [14]
 

 .
 
 See People v Fridman,
 
 71 NY2d 845 (1988).
 

 [15]
 

 .
 
 See People v Roe,
 
 73 NY2d 1004 (1989).
 

 [16]
 

 .
 
 See People v Hicks,
 
 69 NY2d 969 (1987).