■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON SMITH, Also Known as ANDRE SMITH, Appellant. [794

NYS2d 50]—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 11, 2004, convicting defendant, after a jury trial, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed. Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered December 4, 2003, convicting defendant, after a jury trial, of burglary in the third degree, criminal trespass in the second degree, and criminal possession of stolen property in the fourth and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The investigatory lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]), and defendant's right to counsel had not attached (*see People v Mitchell*, 2 NY3d 272, 275 [2004]).

At each of defendant's trials, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. The record also establishes that defendant received effective assistance of counsel at each trial (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

At the trial resulting in defendant's convictions of burglary and related crimes, the court properly excused a juror as grossly unqualified, after she acknowledged that she had been sleeping and had missed some testimony (*see People v Valencia*, 220 AD2d 274 [1995], *lv denied* 88 NY2d 855 [1996]).

With respect to both trials, defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.