■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS JONES, Appellant. [799 NYS2d 783]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered April 10, 2002, convicting him of grand larceny in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials is granted, and a new trial is ordered.

Once a suspect in custody unequivocally requests counsel, he may not be questioned further in the absence of an attorney (*see People v Glover*, 87 NY2d 838 [1995]; *People v Cunningham*, 49 NY2d 203 [1980]). Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression, and the particular words used by him (*see People v Mitchell*, 2.NY3d 272 [2004]; *People v Bacalocostantis*, 121 AD2d 812, 814 [1986]). Here, the defendant's statements, viewed in context, articulated his desire to have counsel present such that a reasonable police officer should have understood that he was requesting an attorney (*see Davis v United States*, 512 US 452 [1994]; *see also People v Lubanski*, 148 AD2d 947, 948 [1989]). In view of this finding, that branch of the defendant's motion which was to suppress his statements should have been granted (*see People v Esposito*, 68 NY2d 961 [1986]). Since the error in admitting the defendant's confession was not harmless, we reverse and order a new trial (*see People v Jones*, 61 AD2d 264, 268 [1978], *affd* 47 NY2d 528 [1979]).

The defendant's remaining contentions need not be addressed in light of the foregoing determination. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.