■ In the Matter of TAARIQ B., a Person Alleged to be a Juvenile Delinquent, Appellant. DISTRICT ATTORNEY, BRONX COUNTY, Respondent. [833 NYS2d 22]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about May 13, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an

adult, would constitute the crimes of robbery in the second and third degrees and attempted assault in the third degree, and placed him in the custody of the Office of Children and Family Services for a period of up to 18 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress his statement to the police. When the police took appellant into custody, they promptly contacted his mother (see Family Ct Act § 305.2 [3]), and did not question, or obtain a statement from, appellant until his mother arrived and both mother and son had received *Miranda* warnings (see Family Ct Act § 305.2 [7]). There was nothing unlawful about the fact that the police administered the warnings to appellant before his mother arrived. The record establishes that the interview took place in a proper juvenile location pursuant to Family Court Act § 305.2 (4) (b). Under the totality of circumstances, we conclude that appellant made a personal, although implicit, waiver of his *Miranda* rights, since he gave a statement after he received the warnings, after both he and his mother read and initialed the warnings card, and after his mother stated in his presence that "they" wanted to speak to the police (see *People v Sirno*, 76 NY2d 967 [1990]). When appellant's mother asked whether she "should" consult an attorney, she did not unequivocally invoke her son's right to counsel (see *People v Mitchell*, 2 NY3d 272, 276 [2004]; *People v Hicks*, 69 NY2d 969 [1987]); in any event, at this point appellant had completed his statement and there was no further questioning.

The placement was a proper exercise of the court's discretion that constituted the least restrictive alternative consistent with the needs of respondent and the community (see *Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur—Friedman, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.