[952 NE2d 1026, 929 NYS2d 34]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY D. GIBSON, Appellant.

Argued May 3, 2011; decided June 14, 2011

### APPEARANCES OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.,* Buffalo (*Vincent F. Gugino, Barbara J. Davies* and *David C. Schopp* of counsel), for appellant.

*Frank A. Sedita, III, District Attorney,* Buffalo (*Michael J. Hillery* and *Donna A. Milling* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant Jeffrey Gibson was suspected of robbing an Erie County gas station at gunpoint in July 2005. He was subsequently arrested on a bench warrant stemming from an unrelated matter in which his indelible right to counsel had attached by virtue of an attorney's entry into the case.* While incarcerated, defendant asked to speak to a detective he had known for several years. The detective brought defendant from his cell to an office for the conversation.

Hoping to obtain a DNA sample from defendant, the detective brought out a pack of cigarettes and defendant asked to smoke one. The detective obliged and the two men smoked while defendant discussed problems he was having with a landlord. They did not discuss the gas station robbery or any other criminal matter. Eventually, defendant extinguished the cigarette in an ashtray and he was returned to his cell. The detective took possession of the ashtray and the cigarette butt left by defendant.

---

* The People do not contend that defendant's right to counsel had not been triggered in the matter for which he was in custody when the facts relevant to this appeal occurred (*cf. People v Lopez,* 16 NY3d 375, 385 n 6 [2011]).

The DNA from defendant's saliva was extracted from the cigarette remains and was found to conclusively match the DNA found on an article of clothing that was believed to have been worn by the person who robbed the gas station. Defendant was indicted for the robbery and, following a jury trial, he was convicted of robbery in the first degree. The Appellate Division affirmed (74 AD3d 1700 [4th Dept 2010]) and a dissenting Justice granted leave to appeal (15 NY3d 780 [2010]).

Under the circumstances of this case, the collection of defendant's DNA while he was in custody did not contravene his indelible right to counsel. The People do not dispute that the attachment of that right precluded the police from questioning defendant about any criminal matter (*see People v Burdo*, 91 NY2d 146, 150 [1997]). But the detective here did not ask defendant about a criminal case, and his actions—displaying a pack of cigarettes and providing one to defendant at his request—were not reasonably likely to elicit an incriminating response (*see e.g. People v Ferro*, 63 NY2d 316, 321 [1984], *cert denied* 472 US 1007 [1985]). The DNA that defendant voluntarily deposited on the cigarette butt was not a "response" or "statement" subject to exclusion under New York's right to counsel rules because the transfer of bodily fluids was not a communicative act that disclosed "the contents of defendant's mind" (*People v Havrish*, 8 NY3d 389, 395 [2007], *cert denied* 552 US 886 [2007]). Nor did the detective coerce defendant into providing the DNA evidence or subject him to the functional equivalent of an uncounseled decision to consent to a search (*see People v Esposito*, 68 NY2d 961, 962 [1986]; *People v Johnson*, 48 NY2d 565, 568-569 [1979]). Rather, defendant initiated the interaction by summoning the detective, requesting a cigarette and abandoning the cigarette butt. Based on these facts, County Court aptly noted that the detective simply "capitalized on the situation that manifested itself through . . . defendant's own actions."

Defendant's remaining contentions, to the extent they are reviewable, lack merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.