*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                    106931
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Appellant,

        v                                      MEMORANDUM AND ORDER

STEVEN HIGGINS,
                         Respondent.
_____

Calendar Date:   November 21, 2014

Before:   McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Joel E. Abelove, District Attorney, Troy (Kelly L. Egan of
counsel), for appellant.

        Adam C. Eggleston, Albany (Kevin O'Brien of counsel), for
respondent.

_____

Garry, J.

        (1) Appeal from an order of the County Court of Rensselaer
County (Young, J.), entered August 8, 2014, which, among other
things, granted defendant's motion to suppress certain evidence,
and (2) motion to strike appendix.

        On October 8, 2013, defendant was observed driving in an
erratic manner and was stopped by an officer of the East
Greenbush Police Department in the Town of East Greenbush,
Rensselaer County.  Upon approaching the vehicle, the officer
observed that defendant smelled of alcohol and had slurred speech
and bloodshot, glassy eyes.  The officer administered three field
sobriety tests, all of which defendant failed.  Defendant was
arrested, transported to the police station for booking, and

ultimately indicted on numerous violations of the Vehicle and Traffic Law, including felony driving while intoxicated and refusing to submit to a breath test. Defendant thereafter served an omnibus motion seeking, among other things, Mapp, Dunaway and Huntley hearings and the suppression of certain evidence including, as relevant here, defendant's statements to police. The People consented to a Huntley hearing, and County Court granted defendant's request for a Mapp/Dunaway hearing. At the joint hearing, defendant argued that he had invoked his right to counsel almost immediately upon the start of the booking process and that any statements he made thereafter should be suppressed, including those depicted in a video of the booking process (hereinafter the video).[1] Following the hearing, the court determined that defendant had invoked his right to counsel at the onset of the booking process, that the police had failed to honor his request for counsel, and that defendant's statements thereafter should be suppressed. As a result, the court suppressed the video in its entirety. The People appeal.[2]

---

[1] The parties agree that the timestamps appearing on the video deviate slightly from the actual time at which events occurred; in the interest of clarity, all time references herein refer to the timestamps on the video. The full video begins upon defendant's entry to the booking room, at 3:21 a.m., and continues for several hours thereafter. However, defendant received Miranda warnings at 4:23 a.m., and the People concede that he validly invoked his right to counsel in response. They do not seek to introduce any of his statements or portions of the video thereafter, and our analysis deals only with the period between 3:21 a.m. and 4:23 a.m.

[2] Following submission of defendant's brief and appendix, the People moved to strike the appendix on the ground that its contents were not part of the record that had previously been properly served, certified and submitted in compliance with the Rules of the Appellate Division, Third Department (22 NYCRR) § 800.7 (b). The motion is granted, and neither the appendix nor any references thereto in the briefs were considered in deciding this appeal.

Initially, we wholly reject the People's contention that County Court erred in granting defendant's request for a Mapp/Dunaway hearing. Although a defendant seeking a suppression hearing must make sworn factual allegations supporting his or her motion, CPL 710.60 "does not mandate summary denial of defendant's motion even if the factual allegations are deficient" (People v Mendoza, 82 NY2d 415, 429 [1993]; see CPL 710.60 [3]). Here, the People had consented to a Huntley hearing "grounded in the same facts involving the same police witnesses" (People v Mendoza, 82 NY2d at 429). Principles of judicial economy clearly weighed in favor of conducting any related suppression hearings, and we cannot find any error in so proceeding.

The People further contend that County Court erred in suppressing all of defendant's statements during the booking process as well as the video depicting them. The court found that defendant had invoked his right to counsel when he stated at the outset of the booking process — specifically at 3:23 a.m. — that he wanted to speak to his attorney before he would sign anything. A defendant's request for an attorney will invoke his or her indelible right to counsel if the request is unequivocal, an inquiry which "is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (People v Glover, 87 NY2d 838, 839 [1995]; accord People v Jemmott, 116 AD3d 1244, 1246 [2014]; see People v Phoenix, 115 AD3d 1058, 1059 [2014], lv denied 23 NY3d 1024 [2014]; see also People v Harris, 93 AD3d 58, 67 [2012], affd 20 NY3d 912 [2012]). Generally, remarks that are subject to numerous objective interpretations or a defendant's mere "suggestion that counsel might be desired . . . will not suffice" (People v Mitchell, 2 NY3d 272, 276 [2004]; see People v Fridman, 71 NY2d 845, 846 [1988]; People v Wade, 296 AD2d 720, 720 [2002]). Here, considering the circumstances existing at the time of the statement, defendant's request to speak to his attorney before signing anything was prospective, as he had not been asked to sign anything. An objective officer could interpret the statement as merely a forewarning of a possible, contingent desire to confer with counsel rather than an unequivocal statement of defendant's present desire to do so

(compare People v Porter, 9 NY3d 966, 967 [2007]). Accordingly, defendant's statement at 3:23 a.m. did not suffice to invoke his right to counsel (see People v Engelhardt, 94 AD3d 1238, 1240-1241 [2012], lv denied 19 NY3d 960 [2012]; People v Isaac, 224 AD2d 993, 994 [1996], lv denied 88 NY2d 937 [1996]; People v Thompson, 153 AD2d 456, 464 [1990], lv denied 76 NY2d 867 [1990]).

However, defendant's statement at 3:41 a.m., requesting that he be allowed to call his attorney, was sufficiently unequivocal to invoke his right to counsel (see People v Jones, 21 AD3d 429, 429 [2005], lv denied 6 NY3d 755 [2005]; compare People v Glover, 87 NY2d at 839). The officers agreed to allow defendant to contact his attorney, but never provided him with the means to do so. Thus, any testimonial statements that were elicited from defendant after this point were properly subject to suppression (see People v Dashnaw, 85 AD3d 1389, 1390-1391 [2011], lv denied 17 NY3d 815 [2011]; see also People v Pinzon, 44 NY2d 458, 464 [1978]; compare People v Jabaut, 111 AD3d 1140, 1141-1142 [2013], lv denied 22 NY3d 1139 [2014]). The People argue, however, that County Court's order was not limited to testimonial statements, but also improperly suppressed defendant's responses to pedigree questions, spontaneous declarations, physical appearance and refusal to submit to chemical testing.

Initially, although a defendant's responses to routine booking questions that are "reasonably related to . . . administrative concerns" are not subject to suppression (People v Rodney, 85 NY2d 289, 293 [1995] [internal quotation marks and citation omitted]), neither the parties' arguments nor the video discloses any such pedigree questions or responses following defendant's valid invocation of his right to counsel at 3:41 a.m. As for spontaneous declarations, it is established law that, even after the right to counsel has attached, a defendant's statements are not subject to suppression if they were "not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" (People v Maerling, 46 NY2d 289, 302-303 [1978]; accord People v Burns, 281 AD2d 704, 705 [2001], lvs denied 96 NY2d 826, 831 [2001]). It is well established that the police bear no obligation "to silence a chatterbox" (People v

Taylor, 1 AD3d 623, 624 [2003], lv denied 1 NY3d 602 [2004] [internal quotation marks, brackets and citation omitted]). "The test is not whether defendant, through hindsight, claims that the police intended to provoke an incriminating response; rather, County Court, using an objective standard, must determine whether defendant's statement can be said to have been triggered by police conduct that should reasonably have been anticipated to evoke a statement from defendant" (People v Payne, 233 AD2d 787, 788 [1996] [citation omitted]).

With a few exceptions, the video reveals that defendant's statements in the period preceding the reading of his Miranda rights were made without any triggering words or conduct by the police. As the officers played no role in soliciting them, these statements constitute spontaneous declarations and should not have been subject to suppression (see People v Wilhelm, 34 AD3d 40, 53 [2006]; People v Sturdivant, 277 AD2d 607, 607-608 [2000], lv denied 95 NY2d 970 [2000]). However, at three points following defendant's successful invocation of his right to counsel, officers asked him questions that should reasonably have been anticipated to elicit responses. The first such exchange occurred between 03:47:49 a.m. and 03:48:10 a.m., when defendant responded after an officer asked him what he thought would occur as a result of refusing a chemical test. The second occurred between 03:50:01 a.m. and 03:50:09 a.m., when defendant confirmed his last drinking location in response to a question by one of the officers. The third occurred between 04:01:05 a.m. and 04:06:23 a.m., when an officer asked defendant several questions about chemical testing and the events of the evening. Defendant's responses to these inquiries cannot be said to be spontaneous. Thus, his statements during these three time periods and the corresponding portions of the video were properly suppressed.

As to portions of the video in which defendant was not speaking, evidence obtained from a defendant following invocation of the right to counsel is subject to suppression where it constitutes "a communicative act that disclose[s] the contents of defendant's mind" (People v Gibson, 17 NY3d 757, 759 [2011] [internal quotation marks and citation omitted]; see People v Berg, 92 NY2d 701, 704 [1999]). Generally, a defendant's

physical characteristics and appearance are not considered to be communicative in nature (see Schmerber v California, 384 US 757, 763-764 [1966]; People v Havrish, 8 NY3d 389, 393 [2007], cert denied 552 US 886 [2007]; People v Berg, 92 NY2d at 704). Here, portions of the video in which defendant is silent show only his physical condition and appearance and do not disclose any communicative statements made after he had invoked his right to counsel. Whether any of these video segments may ultimately be deemed admissible at trial depends on other considerations not presented here, but there is no basis for their suppression as communicative statements (see e.g. People v Haskins, 121 AD3d 1181, 1183 [2014]; People v Raco, 168 AD2d 806, 807 [1990], lv denied 77 NY2d 910 [1991]; compare People v Robles, 180 Misc 2d 512, 521 [Crim Ct, Bronx County 1999]; People v Anderson, 150 Misc 2d 339, 344 [Nassau Dist Ct 1991]).

Finally, as to defendant's refusals to submit to chemical tests, we note the legal distinction between admitting evidence of the test refusals and admitting defendant's accompanying statements and/or the video depictions of such statements. An individual suspected of driving while intoxicated is allowed a limited right to counsel for the purpose of deciding whether to submit to a chemical test (see People v Smith, 18 NY3d 544, 549-550 [2012]; People v Vinogradov, 294 AD2d 708, 709 [2002]). To invoke this limited right, a suspect must make "a specific request for an attorney vis-à-vis this decision" (People v Curkendall, 12 AD3d 710, 715 [2004], lv denied 4 NY3d 743 [2004]; see People v Washington, 107 AD3d 4, 9 [2013], affd 23 NY3d 228 [2014]). When defendant requested counsel at 3:41 a.m., he had been read two chemical test warnings and had refused to submit both times. The third warning and refusal followed defendant's request for counsel. Upon review, and considering both the timing and the phrasing of defendant's request, it does not appear that he was seeking advice relative to the testing, but, instead, was asserting his right to counsel in a broad and general manner. As defendant's invocation of his right to counsel lacked the requisite specificity, the fact that he refused to submit to chemical testing on each occasion is admissible (see People v Curkendall, 12 AD3d at 715; People v Vinogradov, 294 AD2d at 709). However, this rule does not alter the protections afforded by law relative to his statements or the

video depiction of same, as set forth above, after he invoked his right to counsel.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the motion to strike is granted.

ORDERED that the order is modified, on the law, by reversing so much thereof as suppressed all statements made by defendant during the booking process and as suppressed the entire video of the booking process; suppress only those statements — and the corresponding portions of the video — as reflected in this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court