■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALJULAH CUTTS, Appellant. [19 NYS3d 522]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., at suppression hearing; Juan M. Merchan, J.,

at jury trial and sentencing), rendered June 20, 2012, convicting defendant of murder in the first and second degrees and robbery in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The suppression court properly concluded that the People established the voluntariness of a defendant's oral, written, and videotaped statements beyond a reasonable doubt. The circumstances of the interrogation, when viewed in totality, were not coercive (*see Arizona v Fulminante*, 499 US 279, 285-288 [1991]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]). A detective's suggestions that evidence at the crime scene might implicate defendant did not rise to the level of deception that would induce defendant to falsely confess, and there is no evidence that any interrogator made improper statements of the type discussed in *People v Dunbar* (24 NY3d 304 [2014]). The videotape refutes defendant's claim of being exhausted, and it shows that he wanted to continue talking even when the prosecutor ended the interview. Defendant never unequivocally invoked his right to counsel during the videotaped statement; rather, he merely queried whether he should speak to a lawyer, at which point the prosecutor reexplained that he had a right to an attorney and gave him time to consider whether he wanted one (*see Davis v United States*, 512 US 452, 459 [1994]; *People v Glover*, 87 NY2d 838, 839 [1995]).

The court properly exercised its discretion in imposing reasonable limits on defendant's elicitation of evidence of the violent propensities of a separately prosecuted codefendant, because this evidence had little or no probative value regarding issues actually raised at trial. To the extent that defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]), and we likewise reject defendant's claim of ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's guilt was established by his voluntary confession, as well as corroborating evidence.

The court properly denied a challenge for cause to a prospective alternate juror whose husband previously worked as a prosecutor. The juror gave numerous unequivocal assurances that she "absolutely" could be impartial. When she at one point

stated she would do her "best" not to be predisposed to convict based on her relationship with her husband, the court followed up and asked whether she could "decide this case on the evidence as you find it," to which she replied, "Yes." Thus, her statements as a whole establish her unequivocal assurance of impartiality (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Acosta, Renwick, Andrias and Moskowitz, JJ.