People v Roman (2019 NY Slip Op 06719)





People v Roman


2019 NY Slip Op 06719


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9882 1570/10

[*1]The People of the State of New York, Respondent,
v
Joseph Roman, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Nancy E. Little of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered May 17, 2012, convicting defendant, after a jury trial, of manslaughter in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 18 years, unanimously reversed, on the law and the facts, defendant's motion to suppress statements granted, and the matter remanded for a new trial.
Defendant's motion to suppress his incriminating written and videotaped statements should have been granted. Several days before defendant made the contested statements, he was taken into custody by the Las Vegas Police Department. While in custody, defendant requested to speak with the detective from the Regional Fugitive Task Force who had located defendant in Las Vegas and was about to bring him back to New York. The detective met defendant in a conference room and asked him if he wanted to talk. Defendant responded, "I would like to tell you what happened, but I think I want to talk to an attorney." The detective, who responded by saying "okay," and did not ask defendant any questions about the homicide, testified that he understood that defendant "wanted an attorney."
Upon returning to New York, defendant met with the investigating detective and made incriminating written and video statements. Defendant moved to suppress his statements, which was denied, and the statements were admitted at trial.
"When a defendant in custody unequivocally requests the assistance of counsel, any purported waiver of that right obtained in the absence of counsel is ineffective" (People v Glover, 87 NY2d 838, 839 [1995]; see also People v Grice, 100 NY2d 318, 321 [2003]). "Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (Glover, 87 NY2d at 839).
Here, the circumstances surrounding defendant's statement, "I would like to tell you what happened, but I think I want to talk to an attorney," necessitate a finding that he unequivocally invoked his right to counsel (see People v Porter, 9 NY3d 966 [2007]; People v Harris, 93 AD3d 58 [2d Dept 2012], affd 20 NY3d 912 [2012]). These circumstances include the facts that defendant was in custody at the time he made the statement, that he clearly expressed that he wanted to speak about the homicide and that the detective understood defendant to mean he wanted an attorney. The fact that defendant was not interrogated is not dispositive as to whether he unequivocally invoked his right to counsel (see Glover, 87 NY2d at 839). Accordingly defendant's later statements, in the absence of counsel, to other law enforcement personnel were inadmissible.
The record does not warrant a finding of harmlessness. Because we are ordering a new trial, we find it unnecessary to address defendant's other argument for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK