People v Arneo (2024 NY Slip Op 50522(U))

[*1]

People v Arneo

2024 NY Slip Op 50522(U)

Decided on May 3, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 3, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Brielle Arneo, Defendant.

Case No. 23060001

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Kirby W. Leggett [awaiting admission] of Counsel), for plaintiff. 
Jeremiah S. King, Rochester, for defendant. 

Thomas J. DiSalvo, J.

History and Facts of the Case
The defendant was charged with driving while impaired by drugs, VTL § 1192 (4), failure to use designated lane, VTL 1128 (c) and criminal possession of a controlled substance in the seventh degree, P.L. § 220.03. Said offenses were alleged to have occurred on May 27, 2023 at approximately 5:05 P.M. on Lake Road in the Town of Webster. The defendant was charged by uniform traffic informations on the first two charges and by an information as to the latter charge. Webster Police were called to the scene to investigate a one car motor vehicle accident. Upon arrival at the scene the police found the defendant's vehicle facing eastbound on the grass on the south side of the road. After a series of questions by Officer Ceneviva directed at the defendant, the defendant was asked to perform certain roadside field sobriety tests, including the horizontal gaze nystagnus, the walk and turn test and the one-leg stand test. The defendant was asked and consented to take the roadside breath test. Upon completion of said tests the defendant was arrested at about 5:40 P.M. and transported to the Webster Police Department. After arriving at the police department she was read the Miranda warnings. Those warnings were read to her at 6:27 P.M. A drug recognition expert, Greece P Police Officer Garrett C. Fries, was called to perform an evaluation of the defendant. That evaluation began at 7:17 P.M. and concluded at 8:13 P.M. Subsequently she was asked to take a second chemical test of her breath, presumably at the request of the DRE, at approximately 8:15 P.M. She was read the commissioner's warnings relative to a refusal to take such a test. However, she reportedly refused to take that test three times, namely at 8:15 P.M., 8:21 P.M. and 8:30 P.M., saying "No" in response to each reqest. Those facts are gleaned from a "Report of Refusal to Submit to Chemical Test". However, also filed with the court was a "Supporting Deposition Breath Test Administration" sworn to by Webster Police Officer Store, attesting to the fact that a chemical test was first taken by the defendant at 7:13 P.M., which resulted in a chemical analysis of "0.00". In fact a certified copy of [*2]the said chemical test filed with the court confirmed said finding.[FN1]
 She was eventually issued an appearance ticket returnable on June 7, 2023, at which time she was arraigned and released on her own recognizance. 
On December 20, 2023 defense counsel filed Omnibus Motions with the court, wherein it was requested, among other things, that statements made by the defendant be suppressed or in the alternative a Huntley hearing and suppression of the Drug Recognition Expert [DRE] examination. The People filed a Cross Motion and Responding Affirmation with the court on January 24, 2024. The court granted the requests for said hearing, which was conducted on April 12, 2024. At that hearing the People presented one witness, i.e. Webster Police Officer John Ceneviva. Prior to the start of the hearings, the attorneys stipulated into evidence the officer's Miranda warning card, the body worn camera footage and the drug recognition expert's report. It was agreed that the court would view the body worn camera footage at a later time.[FN2]
 The officer testified as to the facts and circumstances previously set out herein. He further testified to the unsatisfactory performance of the defendant on the roadside field sobriety tests. The accuracy of the officer's testimony was confirmed by this court upon viewing the body worn camera footage. He testified as to the issuance of both the Miranda and Commissioner's warnings. At the end of the Miranda warnings, the defendant was asked, "Do you agree to talk with me now?" In response the defendant stated "I don't feel comfortable without a lawyer present." It is un-controverted that the DRE officer did not read the defendant Miranda warnings prior to his questioning and examination. In fact the DRE Recognition Evaluation states in paragraph "10" that "Miranda was previously read to the subject at 18:27 hours [i.e. 6:27 P.M.] by Officer Ceneviva".

Issues Presented.
Should the statements made by the defendant to the arresting officer subsequent to his reading the Miranda rights to the defendant be suppressed?
Should the statements made by the defendant to the DRE officer be suppressed?
Should the results of the Drug Recognition Evaluation be suppressed?

 Legal Analysis.
Statements to Arresting Officer. Defense counsel is requesting that all statements made by the defendant subsequent to her arrest at 5:40 P.M. be suppressed. The issue then becomes [*3]whether the defendant agreed to waive her Miranda rights and speak to the arresting officer by her statement that "I don't feel comfortable without a lawyer present." The standard established by the Court of Appeals is that a waiver of one's right to counsel during questioning by the police must be unequivocal.[FN3]

"When a defendant in custody unequivocally requests the assistance of counsel, any purported waiver of that right obtained in the absence of counsel is ineffective ... However, when the defendant's request is not unequivocal, the right to counsel does not attach .... Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant [internal citations omitted]" (People v. Glover, 87 NY2d 838,839, 637 N.Y.S.2d 683 [1995]
This then raises the question as to whether the statement of the defendant was an unequivocal request for an attorney. A statement can be an unequivocal request for an attorney based on the circumstances, the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant. In a previous case the Court of Appeals held that a statement by the defendant, after he had been advised of his rights, that "I might need a lawyer", was sufficient to establish that the defendant had invoked his right to counsel. (See People v.Esposito, 68 NY2d 961, 510, N.Y.S. 542 [1986]). In that case the court held that "In view of the finding that the defendant's initial statement to the police officer regarding an attorney constituted a request for counsel, the motion to suppress should have been granted."[FN4]
 The Court in Esposito did not declare the statement "I might need a lawyer" as being an unequivocal demand for an attorney. In fact the words equivocal or unequivocal are not found in the Court's decision. Esposito would seem to be inconsistent with more recent decisions of the Court of Appeals, unless one takes into account court's qualifying language as to circumstances, demeanor, manner of expression and the defendant's specific wording. The Court has held that "But '[a] suggestion that counsel might be desired; a notification that counsel exists; or a query as to whether counsel ought to be obtained will not suffice' to unequivocally invoke the indelible right to counsel (see People v. Mitchell, 2 NY3d 272, 276, 778 N.Y.S.2d 427, 810 N.E.2d 879 [2004], citing People v. Roe, 73 NY2d 1004, 541 N.Y.S.2d 759, 539 N.E.2d 587 [1989]; People v. Fridman, 71 NY2d 845, 527 N.Y.S.2d 737, 522 N.E.2d 1035 [1988]; 20 People v. Hicks, 69 NY2d 969, 516 N.Y.S.2d 648, 509 N.E.2d 343 [1987])." (People v. Dawson, 38 NY3d 1055, 171 N.Y.S.3d 19 [2022]) In People v. Rowell, 88 AD2d 647,648, 450,N.Y.S.2d 216,218 [2nd Dept [1982] the Appellate Division agreed that the defendant "invoked his right to counsel by stating that he was going to see an attorney.'" However, the Court of Appeals in reversing the decision of the Appellate Division, held that such a statement "had not unequivocally informed the police of his intention" to consult an attorney. (See People v. Rowell, 59,NY2d 727,730, 463 N.Y.S. 2d 426,428 [1983]. It was held that "the suppression court properly determined that the statement [*4]by defendant that he would not consent to a blood test without an attorney was not an unequivocal invocation of his right to counsel." (People v Isaac, 224 AD2d 993,994, 637 N.Y.S.2d 827,829 [4th Dept 1996]) That was because that request was limited to a particular area, such as the administration of the blood test. (See People v. Obieke, 186 Misc 2d 708,710, 712 N.Y.S.2d 919, 921 [Fisher J. 2000])
However, it has been held "that defendant had invoked his right to counsel when he stated at the outset of the booking process—specifically at 3:23 a.m.—that he wanted to speak to his attorney before he would sign anything." (People v. Higgins, 124 AD3d 929,931, 1 N.Y.S.3d 424,428[2015]). The court went on to explain that "Generally, remarks that are subject to numerous objective interpretations or a defendant's mere 'suggestion that counsel might be desired ... will not suffice' (People v. Mitchell, 2 NY3d 272, 276, 778 N.Y.S.2d 427, 810 N.E.2d 879 [2004]; see People v. Fridman, 71 NY2d 845, 846, 527 N.Y.S.2d 737, 522 N.E.2d 1035 [1988]; People v. Wade, 296 AD2d 720, 720, 745 N.Y.S.2d 306 [2002] )"[FN5]

In the instant case the defendant was in custody from the time she was arrested on the scene following the completion of the roadside sobriety tests. However there was no requirement that the police advise the defendant of her Miranda rights between the time the police arrived on the scene of the traffic accident and the time of her arrest. " Miranda warnings are not required where police officers are investigating traffic accidents, since the investigation has not reached the custodial stage (People v. McMillan, 112 Misc 2d 901, 447 N.Y.S.2d 626)." (People v. Aia, 105 AD2d 592,593, 482 N.Y.S.2d 56, 57 [1984]).
It may be that despite being uncomfortable speaking with a police officer while in custody at a police department, a defendant may agree to speak to the officer anyway. On the other hand, a defendant who is uncomfortable speaking with a police officer while in custody at a police department may decide not to speak with the officer. A defendant who expresses being uncomfortable in that situation is not making a per se unequivocal statement one way or the other. Nevertheless, the connotation of that statement is a negative one in terms of a willingness to speak to the police. In fact, an unequivocal statement has been defined as " Clear; plain; capable of being understood in only one way, or as clearly demonstrated; free from uncertainty, or without doubt."[FN6]
 In any event, the language of the defendant certainly indicated an unwillingness to speak to the officer. As previously stated "Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant [internal citations omitted]" (People v. Glover, 87 NY2d 838,839, 637 N.Y.S.2d 683 [1995] Thus a determination as to whether a statement is or is not an unequivocal request for an attorney is not always an easy decision. Certainly because a decision on a particular request or statement is based on a mixed question of law and fact, the suppression court must look deeper into the equivocal versus unequivocal standard. The Court of Appeals has stated that "no magic words are required". (People v. Mitchell 2 NY3d 272,276 778 N.Y.S.2d 427,430 {2004]). Taking into account the [*5]factors over and above the issue of an equivocal request for an attorney, i.e. the circumstances, the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant, namely that "I don't feel comfortable without a lawyer present", there is not a variety of interpretations to that remark. The conclusion that one must draw is that the defendant wanted to have an attorney present during questioning. The facts herein suggest that "the defendant's statements, viewed in context, articulated [her] desire to have counsel present such that a reasonable police officer should have understood that he was requesting an attorney (see Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362; see also People v. Lubanski, 148 AD2d 947, 948, 539 N.Y.S.2d 185)." (People v. Jones, 21 AD3d 429, 799 N.Y.S.2d 783,784 [2nd Dept 2005] In this case in deciding a mixed question of law and fact, the defendant's statement must be considered an unequivocal request for an attorney. Thus the defendant did not waive her right to an attorney.
Suppression of Statements to the Drug Recognition Expert. The defense correctly relies on the presumption that prior to the arrival of the drug recognition expert the defendant invoked her right to remain silent and have a lawyer present before questioning. For the reasons set out above the defendant did not waive her right to an attorney during questioning. Thus the DRE could not rely on the fact that the arresting officer had previously read the defendant her Miranda rights."Once a suspect in custody unequivocally requests counsel, he may not be questioned further in the absence of an attorney."[FN7]

Suppression of the Findings of the Drug Recognition Expert. At the Huntley hearing the Drug Recognition Report was entered into evidence by stipulation, presumably subject to defenses counsel's motion to suppress its findings. Certainly, most of the reported cases dealing with roadside sobriety tests involve an individual not yet in custody, i.e. pre-arrest. In this case the defendant was in custody at the Webster Police Department at the time of the examination by the DRE. Nevertheless, Miranda warnings would not be required prior to asking a defendant to perform tests that are part and parcel to a drug recognition report.The Miranda safeguards apply to "'evidence of a testimonial or communicative nature'". (People v. Berg, 93 NY2d 701,704, 685, N.Y.S.2d 906, 908 [1999]) The Court of Appeals went on to state that
"For evidence to be testimonial or communicative, it 'must itself, explicitly or implicitly, relate a factual assertion or disclose information' (Doe v. United States, 487 U.S. 201, 210, 108 S.Ct. 2341, 101 L.Ed.2d 184). While evidence that 'reveal[s] a person's subjective knowledge or thought processes' is testimonial or communicative (People v. Hager, 69 NY2d 141, 142, 512 N.Y.S.2d 794, 505 N.E.2d 237, supra ), such is not the case when a suspect is 'not required "to disclose any knowledge he might have,'" or "'to speak his guilt' " (Doe v. United States, supra, 487 U.S., at 211, 108 S.Ct. 2341, 101 L.Ed.2d 184 [citations omitted] )."[FN8]

Thus field sobriety tests are not testimonial or communicative.[FN9]
 Neither are verbal responses to [*6]said tests or verbal tasks that make up such tests considered testimonial or communicative.[FN10]
 That would be the case whether the tests were conducted pre-arrest or post arrest.

 Conclusion.
"It is well settled that at a pretrial Huntley hearing the burden of proof is upon the People to prove beyond a reasonable doubt the voluntariness of the statements (People v. Holland, 48 NY2d 861, 424 N.Y.S.2d 351, 400 N.E.2d 293).". (People v Whittle, 96 AD2d 542, 465 N.Y.S.2d 47,48 [1983]) A review of the testimony presented and the evidence stipulated into evidence results in a conclusion that the People have not met that burden. Therefore defense counsel's motion to suppress statements made by the defendant is hereby granted. However, for the reasons set forth herein the motion to suppress the DRE report and its findings, including verbal responses to said tests or verbal tasks that make up such tests, is hereby denied. This constitutes the decision and order of this court.
Dated: May 3, 2024
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1: (The court did not suspend the defendant's driver license at arraignment despite the filing of the Report of Refusal to Submit to the Chemical Test as the time of the alleged refusal was more than two hours after the arrest. See VTL § 1194. Again the documents filed with the court indicate that there was a prior chemical test of the defendant's breath that was administered at approximately 7:13 P.M.) 

Footnote 2: (The court viewed the body worn camera footage on April 20, 2024. Although the video portion of same was viewable, the audio portion was for the most part less than useful.) 

Footnote 3: (Gerstenzang, Handling the DWI Case in New York § 27:44 at 1342 [2022-2023 ed])

Footnote 4: (Id. at 962,542)

Footnote 5: (Id. at 931,428)

Footnote 6: (Black's Law Dictionary 1698 [Revised 4th ed 1968]) 

Footnote 7: (Id.) 

Footnote 8: (Id.) 

Footnote 9: (Id. at 705, 908)

Footnote 10: (Id. at 705, 908-909)